IxMARVIN, Chief Judge.
A maximum sentence of 30 years is not constitutionally excessive for this 31-year-old appellant, Frank Payton, convicted by a jury of distribution of cocaine (LRS 40:967),
—who had a prior conviction for the same offense and who returned to drug dealing soon after his October 1993 arrest on the present charge, as evidenced by his guilty plea to a January 1994 charge of possessing cocaine with the intent to distribute;
—whose criminal record also includes two felony convictions for simple burglary of an inhabited dwelling, misdemeanor convictions of battery, theft and trespassing, and a juvenile adjudication for simple burglary;
—whose adult life has been spent either in prison, on parole or under supervised probation;
—who, according to the PSI, cut a hole in the ceiling of the Morehouse Parish jail in a failed attempt to escape while awaiting sentencing for this offense;
—who told a police officer that he “dealt” two to three ounces of cocaine each week, the street value of which the officer estimated to be $6,000-$9,000, according to the officer’s testimony at the sentencing hearing; and
—who told the PSI reporter that he “was not a user of drugs, but a businessman [who] sold drugs.”
The trial court aptly described Payton as “incorrigible,” saying he “has not learned from [past] incarceration, parole or probation- He has obviously profited substantially from his drug activities. There are innumerable victims of this man’s drug activity. He is due no more leniency.” After considering the Louisiana Felony Sentencing Guidelines, which recommended a sentence of up to 20 years, the court concluded that it “should depart upward from the sentencing |2guidelines” based on Payton’s “long record,” the details of which appear in the PSI and in the corroborating testimony of the deputy sheriff who testified at the sentencing hearing. According to the deputy, Payton was “a major [drug] dealer in Morehouse Parish” who quickly bonded out of jail after *1261 each of his arrests and immediately returned to his “business” of selling drugs.
Because the record factually supports the trial court’s upward departure from the Sentencing Guidelines, we simply review the sentence for constitutional excessiveness. State v. Smith, 93-0402 (La. 7/5/94), 689 So.2d 237; State v. Walters, 26,647 (La.App. 2d Cir. 12/7/94), 648 So.2d 7.
Payton’s lengthy criminal record, including the other drug crimes he committed before and after this offense, weighs heavily in favor of upholding the statutory maximum sentence. See and compare State v. McNair, 597 So.2d 1096 (La.App. 2d Cir.1992), writ denied; State v. Lamb, 566 So.2d 462 (La.App. 2d Cir.1990), writ denied; and State v. Mayweather, 556 So.2d 200 (La.App. 2d Cir. 1990).
The sentence complained of is not purposeless and needless or disproportionate to the harm done to society. It does not shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Thompson, 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555.
The three-year prescriptive period for post conviction relief does not begin to run from the “date [of sentence],” as the trial court pronounced, but from the date the judgment is final under C.Cr.P. Art. 914 or 922. See Art. 930.8; State v. Walters, supra; and State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992). The trial court shall give Payton the appropriate written notice of when this prescription |,-jbegins to accrue within 10 days of the date of this opinion and file proof of defendant’s receipt in the record.
No other error patent is noted.
The conviction and sentence are AFFIRMED.