697 So.2d 651 (1997)
STATE of Louisiana, Appellee,
v.
Roddie ANDERSON, Appellant.
No. 29282-KA.
Court of Appeal of Louisiana, Second Circuit.
June 18, 1997.
*653 Louisiana Appellate Project by Wilson Rambo, for Appellant.
Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Charles Brumfield, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and NORRIS and WILLIAMS, JJ.
*654 WILLIAMS, Judge.
The defendant, Rodney a.k.a. Roddie Anderson, was indicted by a Morehouse Parish grand jury for the offense of distribution of cocaine, a violation of LSA-R.S. 40:967. After a jury trial, the defendant was found guilty as charged. The trial court sentenced the defendant to serve thirty years imprisonment at hard labor. The defendant appeals his conviction and sentence. For the following reasons, we affirm.

FACTS
On January 6, 1994, Cleophas May, a Richland Parish Sheriff's deputy, assisted the Bastrop Police Department in an undercover narcotics investigation. The deputy had been issued money with which to buy suspected drugs, a two-way radio, and a transmitter which allowed Bastrop police officers to monitor his activities. At approximately 8:07 p.m., he parked his vehicle at the Lady Club in Bastrop, Louisiana. The deputy gave a hand signal and an individual approached his vehicle. The deputy stated that he "wanted a twenty," and the individual walked away briefly and returned. He handed the deputy a substance which appeared to be a rock of crack cocaine. The deputy paid the individual twenty dollars. Laboratory testing later confirmed that the substance was cocaine.
Bastrop Police Sergeant Gary Freeman overheard the transaction between the defendant and the undercover deputy through the transmitter. Both Sergeant Freeman and another Bastrop police officer testified that on the night of the alleged crime, Deputy May had identified the defendant as the individual who had sold him cocaine. The defendant was arrested approximately one month later.
Defendant was indicted for distribution of cocaine. After a jury trial, the defendant was convicted as charged. Prior to sentencing, defendant filed a motion for new trial and a "Motion for Verdict of Acquittal or Reversal," which were denied. The trial court sentenced defendant to serve thirty years at hard labor with credit for time served. At defendant's request, his court-appointed attorney was relieved as counsel of record. Defendant informed the trial court that he intended to represent himself in the appeal of his conviction and sentence. This court refused defendant's request for supervisory review of the trial court's denial of his motions. However, with regard to the dismissal of defendant's attorney, this court directed the trial court to determine whether defense counsel was properly dismissed. State v. Anderson, 29,048-KH (La.App.2d Cir. 7/11/96).
After a hearing, the trial court found that defendant lacked sufficient understanding of the applicable procedural and substantive law to knowingly and intelligently waive his right to counsel on appeal. The trial court appointed the Louisiana Appellate Project to represent the defendant on appeal. Defendant appeals his conviction and sentence.

DISCUSSION

Sufficiency of the Evidence
In two assignments of error, the defendant argues that the evidence produced at trial was insufficient to support his conviction and that the trial court erred in denying his motion for acquittal. Defendant contends the state failed to prove his identity as the individual who sold cocaine to the undercover officer.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Taylor, 28,736 (La. App.2d Cir. 10/30/96), 682 So.2d 827.
The due process standard of review enunciated in Jackson v. Virginia, supra, does not provide a vehicle for an appellate court to substitute its appreciation of the evidence for that of the factfinder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. It is not the function of an appellate court to assess credibility or reweigh the evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. In the absence *655 of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for a requisite factual finding. State v. Ford, 28,724 (La.App.2d Cir. 10/30/96), 682 So.2d 847.
Pursuant to LSA-R.S. 40:967, it is unlawful for any person to knowingly or intentionally distribute a Schedule II controlled dangerous substance, which includes cocaine. See LSA-R.S. 40:964. A defendant is guilty of distribution of cocaine when he transfers possession or control of cocaine to his intended recipients. State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; see LSA-R.S. 40:961(14). The state must show (1) "delivery" or "physical transfer;" (2) guilty knowledge of the controlled dangerous substance at the time of transfer; and (3) the exact identity of the controlled dangerous substance. State v. Miller, 587 So.2d 125, 127 (La.App. 2d Cir.1991).
Citing State v. Chism, 591 So.2d 383 (La.App. 2d Cir.1991), the defendant argues that under the due process standard of Jackson v. Virginia, the state must negate any reasonable possibility of misidentification in order to meet its burden of proof. However, this court recently stated that where a defendant asserts that he was not the perpetrator or remains silent, the state bears the burden of negating any reasonable probability of misidentification. State v. Powell, 27,959 (La.App.2d Cir. 4/12/96), 677 So.2d 1008.
In the present case, Deputy May identified the defendant in court as the individual who had sold him cocaine. Although nearly two years had passed since the incident, the deputy testified that he had "no doubt" about the identity of the individual from whom he had purchased the cocaine. He stated that after the drug transaction, he had viewed a photographic line-up, which helped him to remember the defendant's face. The deputy testified that the defendant stood out in his mind because he was neatly dressed in green jeans with a matching "Indian print" green shirt, and a green cap. When confronted with a contradictory statement about the color of defendant's clothing in his report on the incident, the deputy admitted he was confused. He stated that the report correctly noted that defendant had worn purple clothes.
In addition, the deputy used the wrong name several times in referring to defendant as "Rodney Alexander." He corrected himself on cross-examination, stating that he had correctly used the name "Anderson" in his written report, and that although defendant's actual name was "Rodney," he was called "Roddie."
Sandra Morgan, the defendant's girlfriend, testified that on the evening of January 6, 1994, the defendant was shopping with her at a grocery store from approximately 6:00 p.m. to 8:30 p.m., and that they later went to a fast food restaurant. Morgan stated that she could remember her activities on that date because her young nephew had entered the hospital two days earlier.
The defendant's father, Melvin Anderson, testified that he remembered taking Morgan to the grocery store on January 6, 1994, but was unsure whether he had also taken the defendant. He corroborated Morgan's assertion that the shopping trip had taken from 6:00 p.m. to 8:30 p.m. that evening. Both Morgan and Anderson admitted that they had never told the authorities before trial that the defendant had been with them at the time of the crime.
The defendant testified and denied that he had sold cocaine to the undercover officer. Despite some minor discrepancies, defendant's testimony that he had been shopping on the evening of January 6, 1994, was consistent with that of his girlfriend and his father. The defendant claimed that he could remember his whereabouts on January 6, 1994, because his girlfriend's nephew was in the hospital around that time. Defendant admitted that he had been convicted of at least two previous felonies.
The jury heard the conflicting testimony and weighed the credibility of the witnesses. Although Deputy May used the wrong surname several times when referring to the defendant at trial, the deputy testified that he had seen defendant, who was known to him as "Rodney or Roddie," on several occasions prior to the drug sale and had identified *656 him in a subsequent photographic line-up. The deputy's testimony differed from his written report regarding the color of defendant's attire at the time of the sale. However, his testimony and the report were consistent in describing the defendant's clothing as a color-coordinated outfit of jeans, a print shirt and a cap. In addition, the officers who had listened to the transaction over the transmitter testified that they were informed by Deputy May that defendant was the person who sold the drug.
The foregoing testimony is sufficient to support a finding by the jury that the state negated any reasonable probability of misidentification. The undercover deputy had the opportunity to observe the person who sold the cocaine and identified the defendant shortly after the sale and at trial. Viewing all of the evidence in the light most favorable to the state, the jury could have reasonably concluded that defendant was the individual who delivered the drug to the undercover officer. Thus, the record supports defendant's conviction for the distribution of cocaine. The assignments of error lack merit.

Excessive Sentence
The defendant argues the trial court erred in imposing an unconstitutionally excessive sentence. He contends that the maximum sentence imposed is not justified because he is not the worst type of offender.
Immediately after sentencing, the trial judge relieved defendant's appointed counsel at the request of defendant, who wished to represent himself on appeal. Defendant stated that he intended to "appeal this conviction and sentence." This oral notice to the trial court of defendant's intent to appeal sufficed to preserve the sentencing issue for review. See LSA-C.Cr.P. Art. 881.1(A)(2).
The Louisiana Constitution protects individuals from "cruel, excessive, or unusual punishment." La. Const., Art. I, § 20. Even the imposition of a sentence within the statutory limits may violate this provision. State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence is unconstitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Caraway, 28,769 (La.App.2d Cir. 10/30/96), 682 So.2d 856. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Lobato, supra.
In general, maximum or near maximum sentences are to be reserved for the worst offenders and the most serious offenses. State v. Sepulvado, 26,948, (La. App.2d Cir. 5/10/95), 655 So.2d 623, writ denied, 95-1437 (La.11/13/95), 662 So.2d 465. The statutory maximum sentence for the offense of distribution of cocaine is imprisonment at hard labor for thirty years. LSA-R.S. 40:967(B)(1). Previously, in State v. Payton, 28,029 (La.App.2d Cir. 4/3/96), 671 So.2d 1259, this court upheld a sentence of thirty years for a distribution of cocaine conviction, where the perpetrator's extensive criminal history included a drug possession conviction and an attempted escape from jail prior to sentencing.
In the present case, the trial judge reviewed a presentence investigation (PSI) report, which showed that the defendant had a juvenile record, numerous adult arrests and prior felony convictions in 1980, 1983 and 1986. In addition, he previously pled guilty to two misdemeanor counts of unauthorized use of a movable after being charged with simple burglary and felony theft. At the time of sentencing, the defendant faced nineteen pending state charges, including a simple escape charge. This escape occurred while defendant was in jail awaiting sentencing after his conviction for the present offense.
The trial court considered defendant's background, including the fact that his children lived with him and that he had admitted a past cocaine addiction. However, the trial judge also noted that defendant had not provided consistent support for the children, that he had been arrested for possession of cocaine and possession of drug paraphernalia *657 after his arrest for the present charge, and that defendant was a fourth felony offender.
After weighing these factors, the trial court imposed the statutory maximum sentence for the offense of conviction. The trial judge adequately stated for the record his reasons for the imposition of this sentence, which is neither grossly out of proportion to the seriousness of the offense nor a shock to our sense of justice. We cannot say that the sentence is constitutionally excessive. Therefore, we conclude the trial court did not abuse its discretion in sentencing this defendant.
The defendant points out that the trial judge incorrectly stated that defendant's arrest for possession of cocaine occurred after his conviction for the instant offense. Actually, according to the PSI report, after the defendant's arrest on the present charge but before his conviction, he was arrested on separate occasions for both possession and distribution of cocaine. The trial judge's relatively minor error does not vitiate the appropriateness of this sentence.
The defendant argues the trial court improperly relied on the effect of drugs in the community when imposing sentence. However, the sentencing hearing reflects that the trial judge tailored the sentence to this defendant's unique circumstances and lengthy criminal history. The trial court may consider larger societal concerns as long as the sentence imposed is particularized to this defendant. State v. Ray, 423 So.2d 1116 (La.1982); see State v. Riley, 587 So.2d 130 (La.App. 2d Cir.1991).
The defendant contends that the trial judge relied on a mistaken belief that defendant was trafficking in cocaine. However, the evidence produced at trial and contained in the PSI report supports this conclusion. The trial judge is entitled to rely on information from a wide range of sources, including the PSI report. See State v. Cook, 598 So.2d 481, 484 (La.App. 2d Cir.1992). This assignment of error lacks merit.

Defendant's Pro Se Assignments of Error
As previously noted, the defendant sought to represent himself on appeal. The trial court denied this request and appointed counsel. This court must consider a pro se defendant's briefed assignments of error. State v. Melon, 95-2209 (La.9/22/95), 660 So.2d 466; see State v. Smalley, 599 So.2d 1090(La.), reconsideration denied, 605 So.2d 1084 (La.1992). Although defendant did not file an additional pro se appellate brief, we will review his assignments of error submitted to this court in a filing entitled "Petition for Post-Conviction Relief."

Sufficiency of the Evidence
The defendant argues that the state's witnesses were not credible. As explained above, the jury could have reasonably found the state's witnesses more credible than those presented by the defendant. He also refers to facts not in evidence, including an allegation that a law enforcement official involved in his case was subsequently charged with a crime. An appellate court does not have authority to receive or review facts not contained in the trial court record. State v. Davis, 568 So.2d 190, 198 (La.App. 2d Cir.1990), writ denied, 572 So.2d 62 (La. 1991). This argument is without merit.

Attorney Conflict of Interest
The defendant argues that his lawyer had a conflict of interest, essentially asserting an ineffective assistance of counsel claim. An actual conflict of interest is established when the defendant proves that his attorney was placed in a situation inherently conducive to divided loyalties. State v. Tart, 93-0772 (La.2/9/96), 672 So.2d 116, cert. denied, ___ U.S. ___, 117 S.Ct. 310, 136 L.Ed.2d 227 (1996), reh'g denied, ___ U.S. ___, 117 S.Ct. 600, 136 L.Ed.2d 527 (1996).
An ineffective assistance of counsel claim may be addressed on appellate review if the record contains sufficient evidence to decide the issue. However, this claim is more properly raised by application for post-conviction relief in the trial court, where a full evidentiary hearing may be conducted if warranted. State v. Mitchell, 94-2078 (La.5/21/96), 674 So.2d 250, cert. denied, ___ U.S. ___, 117 S.Ct. 614, 136 L.Ed.2d 538 (1996). Here, the record contains insufficient *658 facts for this court to determine whether a conflict of interest existed, or whether defense counsel was thereby ineffective. Defendant may raise this issue in the trial court by application for post-conviction relief.

Recusal of Judge and District Attorney
After the defendant's conviction, he filed a motion to recuse the district attorney and the prosecuting assistant district attorney. Defendant's motion, which primarily contained conclusory allegations, failed to show by a preponderance of the evidence any ground for relief enumerated by LSA-C.Cr.P. Art. 680. See State v. Gatch, 27,701 (La.App.2d Cir. 2/28/96), 669 So.2d 676, writ denied, 96-0810 (La.9/20/96), 679 So.2d 429.
The defendant also filed a pre-sentence motion to recuse the trial judge alleging bias. A trial judge is presumed to be impartial. State v. Edwards, 420 So.2d 663 (La.1982). For an accused to be entitled to recusation on the grounds of bias, prejudice or personal interest, such grounds must be of a substantial nature and based upon more than mere conclusory allegations. State v. Mills, 505 So.2d 933 (La.App. 2d Cir.), writ denied, 508 So.2d 65 (La.1987). The record does not support the claim that the trial judge was biased against defendant. These arguments lack merit.

Dismissal of Attorney
The defendant attempted to discharge his appointed attorney on the day of trial and subsequently filed a motion to dismiss his attorney, which the trial court denied. An indigent's right to choose his counsel extends only so far as to allow the accused to retain the attorney of his choice, if he can manage to do so, but this right is not absolute and cannot be manipulated so as to obstruct orderly procedure in the courts or to thwart the administration of justice. State v. Thomas, 28,790 (La.App.2d Cir. 10/30/96), 683 So.2d 1272. The trial court did not err in refusing to allow the defendant to discharge his attorney.

Motion for New Trial
The defendant contends the trial court erred in denying his motion for a new trial. The denial of a motion for new trial is not subject to appellate review except for error of law. LSA-C.Cr.P. Art. 858; State v. Horne, 28,327 (La.App.2d Cir. 8/21/96), 679 So.2d 953. Generally, a motion for new trial will be denied unless an injustice has been done. State v. Horne, supra. Here, we cannot say the district court abused its discretion in denying defendant's motion for new trial.
Pursuant to LSA-C.Cr.P. Art. 920(2), we have examined the record for error patent and found none.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.