715 So.2d 668 (1998)
STATE of Louisiana, Appellee,
v.
Bobby MANNING, Appellant.
No. 30809-KA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1998.
*669 Indigent Defender Board by John M. Lawrence, Shreveport, for Appellant.
Richard P. Ieyoub, Attorney General, James M. Bullers, District Attorney, J. Spencer Hays, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and NORRIS and WILLIAMS, JJ.
WILLIAMS, Judge.
The defendant, Bobby Manning, was charged with distribution of cocaine, a violation of LSA-R.S. 40:967(A). After a jury trial, the defendant was convicted as charged. Subsequently, the State filed a multiple offender bill alleging that the defendant was a second felony offender. Defendant pled guilty to the allegations of the bill and was sentenced to serve fifteen years at hard labor. The trial court granted the defendant an out-of-time appeal. Defendant appeals, urging that the evidence was insufficient to support a conviction for distribution of cocaine and the trial court erred in adjudicating him a multiple offender. We affirm the defendant's conviction. However, the defendant's adjudication as a multiple offender and his sentence are vacated and the case is remanded for further proceedings.

FACTS
On May 12, 1990, Bossier Parish Sheriff Deputy Ernie Plunkett accompanied Robert Thomas, an undercover agent with the Bossier Parish Sheriff's Office, to Plain Dealing, Louisiana. Officer Plunkett was going to provide surveillance while Agent Thomas attempted to purchase cocaine from suspected drug dealers. Once the officers arrived in Plain Dealing, Agent Thomas went to a local night club where he came into contact with Carletta Robinson. Agent Thomas asked Robinson where he could purchase cocaine. According to Agent Thomas, Robinson informed him that she knew someone named "Bobby" who sold cocaine. Shortly thereafter, Agent Thomas gave Robinson a twenty-dollar bill to purchase the cocaine. Agent Thomas testified that Robinson walked over to defendant and handed him the money. The defendant then gave Robinson something in return. Robinson gave Agent Thomas the object that she had received from defendant. The police crime lab subsequently identified the object as crack cocaine.
During the trial, Agent Thomas identified the defendant as the person who gave Robinson the cocaine. Agent Thomas testified that he was familiar with the defendant by sight and by name because he had first observed *670 the defendant in the same area two days earlier.
The jury found defendant guilty of distribution of cocaine. Subsequently, the defendant admitted to the allegations of the multiple offender bill. Defendant was sentenced to serve fifteen years at hard labor. Defendant appeals.

DISCUSSION

Sufficiency of Evidence
The defendant asserts that the evidence presented at trial was insufficient to support his conviction for the offense of distribution of cocaine. He argues that the State failed to identify him as the person who actually distributed the cocaine.
The proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When the defendant claims that he is not the person who committed the crime, the Jackson rationale requires the state to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Powell, 27,959 (La.App.2d Cir. 4/12/96), 677 So.2d 1008.
Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Miller, 561 So.2d 892 (La.App. 2d Cir.1990), writ denied, 566 So.2d 983 (La.1990); State v. Davis, 27,961 (La.App.2d Cir. 4/8/96), 672 So.2d 428. It is the function of the jury and not that of the appellate court to assess the credibility of witnesses. State v. Miller, supra. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. State v. Carey, 628 So.2d 27 (La.App. 2d Cir.1993).
In the present case, the defendant was charged with distribution of cocaine. A defendant is guilty of distribution of cocaine when he transfers possession or control of cocaine to his intended recipients. State v. Anderson, 29,282 (La.App.2d Cir. 6/18/97), 697 So.2d 651; State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132. The state must show (1) "delivery" or "physical transfer;" (2) guilty knowledge of the controlled dangerous substance at the time of transfer; and (3) the exact identity of the controlled dangerous substance. State v. Anderson, supra; State v. Miller, 587 So.2d 125 (La.App. 2d Cir. 1991).
The defendant contends that the state did not prove beyond a reasonable doubt that he was the person involved in the drug transaction. He argues that it was dark at the time of the alleged transaction and neither Agent Thomas nor Officer Plunkett was able to positively identify him as the person who sold Robinson the drugs. The defendant claims that Officer Plunkett's vision was blocked and he could not see the actual drug transaction. Defendant also argues that there were no video or audio recordings utilized to positively identify him as the person who transacted the drug deal with Robinson.
Agent Thomas testified that he gave Robinson twenty dollars to purchase crack cocaine from someone she referred to as "Bobby." According to Agent Thomas, Robinson walked directly over to the defendant, exchanged the money for an object that was later identified as crack cocaine and walked directly back to Agent Thomas' vehicle.
Both Agent Thomas and Officer Plunkett testified that immediately after the offense, Agent Thomas turned the evidence over to Officer Plunkett and named the persons involved in the offense. Officer Plunkett contemporaneously wrote the date and the names "Carlette (sic) Robinson" and "Bobby Manning" on the evidence bag containing the cocaine that Agent Thomas had purchased.
Although Officer Plunkett testified that he did not have a clear view of the defendant during the actual drug transaction, Agent Thomas identified defendant as the person from whom Robinson purchased the crack cocaine and testified that he had seen defendant and was aware of his identity before the transaction on May 12, 1990. According to *671 Agent Thomas, approximately two days prior to the date of the offense, he and Deputy Plunkett went to Plain Dealing to identify suspected drug dealers and locations where drugs were being sold. During this time, the officers observed the defendant and Deputy Plunkett identified him as Bobby Manning.
Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that the evidence presented by the state was sufficient to negate any reasonable probability of misidentification and that the defendant was guilty of distribution of cocaine. This assignment of error is without merit.

Multiple Offender Adjudication
The defendant contends that the trial court erred in adjudicating him a multiple offender. He argues that the trial court failed to informed him of his right to remain silent and failed to require the State to prove the prior felony convictions.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination; the right to trial by jury and the right to confront one's accusers. The purpose of the Boykin rule is to ensure that the defendant had adequate information to plead guilty intelligently and voluntarily. The defendant must expressly and knowingly waive his right to trial by jury, his right to confront his accusers, and his privilege against self-incrimination. A guilty plea is not valid unless it is intelligent and voluntary. Boykin v. Alabama, supra.
At a multiple offender hearing, an admission of identity is the equivalent of a plea of guilty. Because at most multiple offender hearings the only factual issue is whether the defendant is the same individual previously convicted of a felony as alleged in the bill, it is error to accept a stipulation or a plea of guilty before advising the defendant of his right to a formal hearing, his right to require the state to prove his identity as a multiple offender and his right to remain silent. LSA-R.S. 15:529.1(D); State v. Johnson, 432 So.2d 815 (La.1983); State v. Martin, 427 So.2d 1182 (La.1983); State v. Breaux, 599 So.2d 917 (La.App. 4th Cir.1992).
The record reflects that prior to the commencement of the hearing on the multiple offender charge, both the prosecutor and defense attorney informed the court that the defendant was willing to admit to the allegations in the multiple offender bill. The court advised the defendant of the allegations in the multiple offender bill and the defendant informed the court that he wanted to admit to the allegations. Once again, the trial court informed the defendant of the allegations in the multiple offender bill and advised him of his right to be tried as to the truth of the allegations. The trial court then questioned the defendant regarding whether the allegations of the two prior convictions were true and the defendant admitted that the convictions were correct. The record reflects that the defendant initially requested a hearing as to the truth of the allegations of the multiple offender bill, but, at some point prior to the commencement of the hearing, the defendant decided to admit to the allegations in the bill. Therefore, although the State was not required to prove the habitual offender charge, the trial court was required to advise the defendant of his privilege against self-incrimination.
The court minutes dated October 6, 1993 reflect that the defendant admitted the allegations of the multiple offender bill after the trial court advised the defendant of "the right to trial by jury, to confront accusers, to compulsory process, to appeal, and to court-appointed or private counsel, and the privilege against self-incrimination.[1]" However, the transcript does not reflect that this colloquy took place. The transcript of the hearing reflects that the trial court only advised the defendant that he had the right to be tried as to the truth of the allegations. When there is a conflict between the minute *672 entry and the transcript of the colloquy, the transcript controls. State v. Billiot, 587 So.2d 740 (La.App. 4th Cir.1991).
Because the transcript does not reflect that the trial court advised the defendant of his right to remain silent prior to the defendant's plea on the multiple offender bill, the defendant's multiple offender adjudication and sentence must be vacated and the case remanded to the trial court.

CONCLUSION
For the foregoing reasons, defendant's conviction for distribution of cocaine is affirmed. However, defendant's adjudication as a multiple offender and his sentence are vacated and the case is remanded for further proceedings consistent with this opinion.
CONVICTION AFFIRMED; MULTIPLE OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED.
NOTES
[1] As stated above, at a multiple offender hearing, the defendant should be advised of his right to be tried as to the truth of the allegations of the multiple offender bill and his privilege against self-incrimination.