839 So.2d 1148 (2003)
STATE of Louisiana
v.
Graylan GRIFFIN.
No. 02-1341.
Court of Appeal of Louisiana, Third Circuit.
March 5, 2003.
*1149 Michael F. Kelly, Assistant District Attorney, Marksville, LA, for State of Louisiana.
G. Paul Marx, Attorney at Law, Lafayette, LA, for Defendant: Graylan Griffin.
Court composed of JIMMIE C. PETERS, MARC T. AMY, and MICHAEL G. SULLIVAN, Judges.
SULLIVAN, Judge.
On February 26, 2002, Graylan Griffin[1] (Defendant) and four other men were charged with armed robbery, a violation of La.R.S. 14:64. On August 7, 2002, Defendant was tried and convicted by a jury of armed robbery. He filed a Motion for Post Judgment Acquittal and a Motion for New Trial, which were denied. On September 24, 2002, he was sentenced to forty years at hard labor, without benefit of probation, parole, or suspension of sentence with credit for time served. He appeals his conviction and sentence. For the following reasons, we affirm.

Facts
On December 30, 2001, Floyd Lambert, the assistant manager of the Piggly Wiggly store in Bunkie, Louisiana, was robbed as he walked to his truck after closing the store. He carried a money bag containing seven thousand dollars in cash and checks, which he was to deposit at a local bank. As he approached his truck, a man armed with a shotgun jumped up from the bed of the truck and demanded that he give him the money or he would be killed. Mr. Lambert refused, and the man demanded the money a second time. The man jumped out of the truck; at the same time, Mr. Lambert reached for the door handle on his truck. When he did, the man hit him on the head and face several times with the butt of the shotgun, knocking him to the ground. Mr. Lambert testified that he passed out for five to ten seconds. When he looked up, the man had the money bag and was running toward the street. He could not identify the man, who had a knit hat pulled down over his face.
An attorney was appointed to represent Defendant and one of his co-defendants, Tabauchgrick Harrell. Defendant and Mr. Harrell were not tried together.
Jonathan Perry, another co-defendant, testified at Defendant's trial that Defendant was the man with the gun who hit Mr. Lambert and ran off with the money *1150 bag. Mr. Perry pled guilty to armed robbery in exchange for a sentence of ten years without benefit of probation, parole, or suspension of sentence on the condition that he provide truthful testimony regarding his co-defendants.
Defendant argues that the attorney was ineffective because the joint representation of himself and Mr. Harrell limited the attorney's ability to effectively cross-examine Mr. Perry, who is Mr. Harrell's step-brother as well as the State's primary witness. Defendant also argues that his sentence is greater than it would have been had his attorney been able to effectively cross-examine Mr. Perry.

Patent Errors
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Our review did not reveal any errors patent.

Joint Representation by Defense Counsel
Defendant asserts that his attorney's joint representation of himself and Mr. Harrell resulted in reversible error because the attorney's effectiveness was impaired. He argues that this joint representation prevented his counsel from vigorously challenging Mr. Perry on his culpability in the robbery as well as the role of the other participants in the robbery. Specifically, Defendant asserts that counsel should have asked Mr. Perry whether Mr. Harrell was the gunman, but could not do so because he also represented Mr. Harrell.
"Multiple representation is not per se illegal and does not violate the Sixth Amendment to the U.S. Constitution (or Article 1, Section 13 of the Louisiana Constitution) unless it gives rise to a conflict of interest. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); Holloway [v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) ]." State v. Kirkpatrick, 443 So.2d 546, 552 (La.1983), cert. denied, 466 U.S. 993, 104 S.Ct. 2374, 80 L.Ed.2d 847 (1984). The timing of a defendant's objection to multiple representation determines the standard of review for a conflict-of-interest claim. Cuyler, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333. When a conflict-of-interest claim is not raised until after trial, the defendant must prove that an actual conflict resulted from his counsel's joint representation. Id.
An actual conflict of interest is established when the defendant proves that his attorney was placed in a situation inherently conducive to divided loyalties. State v. Tart, 93-0772 (La.2/09/96), 672 So.2d 116, 126, cert. denied, 519 U.S. 934, 117 S.Ct. 310, 136 L.Ed.2d 227 (1996).
If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interests of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client.

Zuck v. Alabama, 588 F.2d 436, 439 (5th Cir.1979), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979), cited in State v. Kahey, [436 So.2d 475, 484 (La.1983) ]. A conflict affects an attorney's performance when it compromises his choice of defenses and his ability to make free choices. State v. Hughes, [587 So.2d 31, 41 (La.App. 2 Cir.1991), writ denied, 590 So.2d 1197 (La.1992)].
State v. Lemon, 29,587, 29,588, p. 10 (La. App. 2 Cir.8/20/97); 698 So.2d 1057, 1063.
In State v. Kahey, 436 So.2d 475 (La. 1983), the court identified common situations where a conflict of interest exists: one defendant was induced to plead guilty adversely to his interests; a confession of *1151 one defendant was introduced into evidence which inculpated the other defendant; testimony of one defendant cleared the other defendant but inculpated himself; one defendant or a witness placed primary blame on the other defendant; one defendant benefitted from compelling the other to testify; counsel for defendant also represented a witness for the prosecution, or for the defense; the co-defendants had conflicting defenses, were not equally involved in the crime, or had disparate criminal records; and charges were dismissed against one defendant on the condition that he testify for the prosecution.
"Actual conflicts of interest that adversely affect counsel's performance must be established by specific instances in the record, and the mere possibility of divided loyalties is insufficient proof of actual conflict." State v. Castaneda, 94-1118, p. 12 (La.App. 1 Cir. 6/23/95); 658 So.2d 297, 305.
Defense counsel cross-examined Mr. Perry regarding his prior criminal record, his guilty plea, a prior statement that a Piggly Wiggly employee provided him information for the robbery, his role in the robbery, and the role of the other defendants in the robbery. He also attempted to impeach Mr. Perry, cross-examining him regarding a statement he had given the police. Counsel did not cross-examine Mr. Perry regarding Mr. Harrell's involvement in the robbery. The prosecutor elicited the only information regarding Mr. Harrell from Mr. Perry: Mr. Harrell is his stepbrother and Mr. Harrell drove Mr. Perry and Defendant to the Piggly Wiggly parking lot immediately before the robbery.
As a general rule, it is best to address claims of ineffective assistance of counsel in a post-conviction proceeding in the trial court, which allows an evidentiary hearing to be conducted on the issue. State v. Watson, 00-1580 (La.5/14/02); 817 So.2d 81. We find the record insufficient to allow us to address this issue because it does not indicate whether Mr. Harrell pled guilty or went to trial, whether he would place primary blame for the armed robbery on Defendant, or whether he and Defendant had conflicting defenses. Accordingly, we decline to address this issue on appeal.

Sentencing
Defendant was sentenced to forty years at hard labor without benefit of probation, parole, or suspension of sentence. He contends that the evidence is unreliable for purposes of sentencing and that his relative role in the robbery was not established sufficiently to justify a sentence four times greater than that of the State's witness, particularly where the evidence does not exclude the reasonable hypothesis that the State's witness was the gunman.
At sentencing, defense counsel orally objected to the sentence, but did not assign any error. A motion for reconsideration must be based upon a specific ground. La.Code Crim.P. art. 881.1(D). If a specific ground is not alleged, the defendant is precluded "from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." Id. See also State v. Joubert, 97-1093 (La. App. 3 Cir. 2/4/98); 705 So.2d 1295, writ denied, 98-1525 (La.10/30/98); 723 So.2d 973. Accordingly, this assignment is not properly before the court and will not be considered.

Decree
Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant's name is spelled more than one way throughout the record. For this opinion, we use the spelling found in the bill of information.