## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-555


**STATE OF LOUISIANA**

**VERSUS**

**A. S.**


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 06-2085
HONORABLE EDWARD LEONARD, JR., DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, J. David Painter, and James T. Genovese, Judges.

**REMANDED FOR FURTHER PROCEEDINGS.**

**Hon. J. Phillip Haney**
**District Attorney**
**Walter James Senette, Jr.**
**Assistant District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
  **Counsel for State-Appellee:**
  **State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
  **Counsel for Defendant-Appellant:**
  **A. S.**

**PICKETT, Judge.**

## FACTS

The defendant had sexual intercourse with T.H., whose date of birth is July 22, 1994, from February 1, 2006, through August 4, 2006. T.H. subsequently became pregnant, and DNA evidence would prove the defendant was the father of her child.

The defendant, A.S., was charged by bill of information filed on December 6, 2006, with molestation of a juvenile, in violation of La.R.S. 14:81.2.[1] In a separate bill of information filed on March 5, 2007, the defendant was charged with forcible rape, in violation of La.R.S. 14:42.1. The defendant was arraigned on the charge of forcible rape on the date the bill of information was filed and entered a plea of not guilty. The defendant was also arraigned on March 7, 2007, and August 23, 2007, and entered pleas of not guilty.[2]

On October 17, 2008, the defendant entered a plea of guilty to forcible rape. The remaining charge was nolle prossed. On February 18, 2009, the court sentenced the defendant to serve thirty years at hard labor, with the first five years of the sentence to be served without benefit of probation and parole. A Motion to Reconsider Sentence was filed on February 27, 2009, and denied on March 4, 2009.

---

[1]The initials of the victim and the defendant are being used in accordance with La.R.S. 46:1844(W).

[2]The record does not indicate what charge the defendant entered a not guilty plea to on March 7, 2007. The minutes of court for August 23, 2007, indicate the defendant entered a plea of not guilty. The charge listed was forcible rape. The transcript of that date indicates the defendant entered a plea of not guilty. The state then stated: "It should just be an aggravated rape. He was Billed on a molestation and a forcible rape and he was later indicted on aggravated rape."

1

A notice of appeal was filed on February 27, 2009, and subsequently granted. The defendant is now before this court asserting one assignment of error. Therein, the defendant contends he was denied assistance of conflict-free counsel.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is a potential error patent which the defendant has assigned as an error and which we will discuss below.

## ASSIGNMENT OF ERROR

In his only assignment of error, the defendant contends he was denied assistance of conflict-free counsel during the proceedings which culminated in a plea of guilty to forcible rape and a sentence of thirty years at hard labor.

In *State v. Cisco*, 01-2732, p. 17 (La. 12/3/03), 861 So.2d 118, 130, *cert. denied*, 541 U.S. 1005, 124 S.Ct. 2023 (2004) (footnote omitted), the supreme court set forth the defendant's burden of proof for a conflict of interest claim raised pre-trial:

> In a pretrial context, regardless of how the conflict of interest issue arises, the trial court has two options to avoid a conflict of interest: appoint separate counsel or take adequate steps to ascertain whether the risk of a conflict of interest is too remote to warrant separate counsel. [*State v.*] *Tart*, 94-0025 at 19-20, [(La. 2/9/96),] 672 So.2d [116] at 125 (relying on *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978)); *State v. Edwards*, 430 So.2d 60, 62 (La.1983); *State v. Marshall*, 414 So.2d 684, 687-88 (La.1982). Failure to do one or the other in a case in which an actual conflict exists requires reversal. *Holloway*, 435 U.S. at 480, 98 S.Ct. at 1181; *State v. Carmouche*, 508 So.2d 792, 805 (La.1987) (on reh'g). As we stated in [*State v.*] *Franklin*, 400 So.2d [616] at 620 [(La.1981)], "If an actual conflict exists, there is no need for a defendant to prove that he was also prejudiced thereby."

2

The trial court appointed the Indigent Defender Board (IDB) to represent the defendant on February 23, 2007. On March 5, 2007, the defendant appeared in court with Kay Pitman for a preliminary hearing.[3] At that time, the trial court informed the defendant that Pitman believed she had a conflict of interest in representing him and stated someone else with the IDB would have to represent the defendant. The trial court then asked if the defendant wanted to proceed with the preliminary hearing or wait until he had a new attorney. The defendant indicated he would wait for the new attorney. The defendant was then arraigned on the charge of forcible rape with the assistance of Pitman.

On March 7, 2007, the defendant informed the trial court that he could not afford his own attorney, and the trial court referred the matter to the IDB. Nancy Dunning, counsel with the IDB, stood with the defendant for arraignment.

On May 31, 2007, a motion and order for re-allotment was filed by Pitman. Therein, she alleged she had a conflict. The matter was scheduled for pre-trial conference on June 18, 2007. On that date, Pitman was present and advised the trial court that she had filed a motion for re-allotment.

The defendant appeared for arraignment on August 23, 2007, and was accompanied by Pitman. The state then informed the trial court of the following: "Oh, yeah, Your Honor, there's a conflict in the matter, I forgot. Ms. Pitman represented the mother involved in this case and she is also named." Pitman then indicated she would have another attorney with the IDB handle the matter. On November 6, 2007, the defendant appeared in court with Pitman, who was appearing on behalf of the defendant's attorney Craig Colwart, for a "768 Notice" hearing. The

---

[3]Pitman is referred to in the record as Kay Pitman, Kay Clark, Kay P. Clark, and Kay Pitman Clark. We will refer to her as Kay Pitman (Pitman).

matter was postponed. The matter was set for pre-trial conference on December 3, 2007. On that date, Pitman appeared on behalf of the defendant. Pre-trial conference was again scheduled for February 11, 2008. On that date, the defendant was represented by Pitman.

The matter was scheduled for jury trial on February 19, 2008. On that date, Pitman appeared on behalf of the defendant; however, the matter was re-fixed. Pitman appeared on behalf of the defendant at a pre-trial conference on April 28, 2008, and informed the trial court that a "possible plea is indicated for this matter for May 5, 2008." The matter was scheduled for jury trial on May 12, 2008. Pitman appeared on behalf of the defendant; however, the matter was re-fixed.

On July 22, 2008, by oral motion of Pitman, the defendant's *pro se* motion for bond reduction was withdrawn. Pitman appeared at a pre-trial conference on July 28, 2008. On October 3, 2008, Pitman appeared at a pre-trial conference and informed the trial court that the matter was "trial ready." On October 17, 2008, the defendant appeared in court with Pitman and Colwart and entered a guilty plea. The trial court asked the defendant if he had been represented by Pitman, and Pitman informed the trial court that he had also been represented by Colwart. Pitman later informed the trial court that she had read the sex offender registration requirements to the defendant, and he appeared to understand them. Colwart signed the "Certificate Outlining Felony Sex Offense Plea Agreement."

The defendant was represented by Colwart at sentencing. Lewis H. Pittman, Jr., filed a motion to reconsider sentence. Subsequently, Pitman filed a motion for appeal.

4

The defendant asserts the trial court failed to take appropriate steps to inform him of the true nature of his counsel's conflict and any effects it could have on counsel's representation and his rights. Because the record does not establish that he waived his right to assistance of conflict-free counsel, the defendant asserts his guilty plea should be vacated and the case remanded to give him the opportunity to plead anew or proceed to trial, if he chooses to plead not guilty, with the advice of conflict-free counsel.

The state asserts the trial court should have held a hearing regarding the nature of the conflict and the possible prejudice it could have on the defendant. Because no hearing was held, the defendant's appeal should be denied and dismissed, the conviction affirmed, and the defendant should be allowed to file an application for post-conviction relief.

Failure to appoint conflict-free counsel or take adequate steps to ascertain whether a risk of a conflict of interest is too remote to warrant conflict-free counsel requires reversal only when an actual conflict exists. This Court cannot determine, based on the record before us, whether an actual conflict exists in the case at bar. The only specific reference to the basis for Pitman's conflict was the state's remark that Pitman "represented the mother involved in this case and she is also named."

In *State in the Interest of D.A.*, 08-346, p. 22 (La.App. 3 Cir. 8/29/08), 995 So.2d 11, 25, this court discussed the remedy for such situations as follows:

> Courts have relegated conflict of counsel issues to post-conviction relief when the record is insufficient to address the issue. *See State v. M.M.*, 00-1296 (La.App. 3 Cir. 8/29/01), 802 So.2d 43, *writ denied*, 01-3370 (La. 10/4/02), 826 So.2d 1121; *State v. Griffin*, 02-1341 (La.App. 3 Cir. 3/5/03), 839 So.2d 1148; *State v. Anderson*, 29,282 (La.App. 2 Cir. 6/18/97), 697 So.2d 651. (*Griffin* and *Anderson* concerned ineffective assistance of counsel claims based on conflict issues). However, in other cases, courts have felt that the interest of

5

justice and judicial economy would be better served by remanding the case for an evidentiary hearing so that the issue could be resolved promptly. *See State v. Lee*, 00-183 (La.App. 1 Cir. 2/16/01), 788 So.2d 452, *writ denied*, 00-1611 (La.3/30/01), 788 So.2d 442, and *State v. Lemon*, 29,587, 29,588 (La.App. 2 Cir. 8/20/97), 698 So.2d 1057. Since this is a juvenile case, and in the interest of justice, this court will remand the case for an evidentiary hearing as opposed to relegating the issue to post-conviction relief proceedings.

In *State v. Waters*, 00-356 (La. 3/12/01), 780 So.2d 1053, the defendant raised the issue of conflict of interest for the first time before the supreme court. The supreme court noted that the defendant was represented at his guilty plea by the same attorney who represented the St. Tammany Parish Sheriff's Office, the police department responsible for arresting him. The supreme court then issued the following ruling:

> Under these circumstances, we deem it appropriate to address this claim while the case remains pending on direct review. *See State v. Wille*, 559 So.2d 1321 (La.1990) (conditionally affirming the defendant's conviction and sentence and remanding for an evidentiary hearing on whether counsel rendered ineffective assistance of counsel as the result of a conflict of interest). Accordingly, the decision of the court of appeal is reversed, respondent's conviction and sentence are conditionally affirmed, and this case is remanded to the district court for purposes of conducting an evidentiary hearing on the question of whether respondent's trial counsel labored under an actual conflict of interest which adversely affected his performance. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Respondent may appeal from any adverse ruling on the conflict issue.

We find the interests of justice will best be served by remanding this matter to the trial court for the purpose of conducting a hearing to determine whether the defendant's counsel had an actual conflict of interest that would have prejudiced the defendant.

6

Accordingly, we remand this matter to the trial court for the purpose of conducting a hearing to determine whether an actual conflict existed that would have prevented the defendant from having conflict-free counsel.


**REMANDED FOR FURTHER PROCEEDINGS.**