I «KUHN, J.
Defendant, John Hayes, was charged in the instant matter by bill of information with three counts of forgery in violation of La. R.S. 14:72 (district court case number 07-98-98). In separate bills of information, he was also charged with two counts of theft of a value over $500 in violation of La. R.S. 14:67 (district court case numbers 04-98-610 and 04-98-611), one count of simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2 (district court case number 04-98-419) and six additional counts of forgery (district court case number 10-97-692). He originally pled not guilty to all charges but subsequently changed his plea to guilty as charged. After a Boykin examination, the district court accepted defendant’s guilty plea to each count.
Although the cases were not consolidated, defendant was sentenced on all counts in a single hearing, as follows: (1) for each of the three counts of forgery, which are before us on review in the instant matter, defendant was sentenced to five years imprisonment at hard labor; (2) for each of the two counts of theft of a value over $500, he was sentenced to five years imprisonment at hard labor; (3) for the count of simple burglary of an inhabited dwelling, he was sentenced to twelve years imprisonment at hard labor, one year of which was imposed without benefit of probation, parole or suspension of sentence; and (4) for each of the six additional counts of forgery, he was sentenced to five years imprisonment at hard labor. All sentences were imposed to run concurrently.
Defendant filed a motion for reconsideration of the sentences in district court case number 10-97-692, but he did not file or orally make a motion for reconsideration in the other cases. Prior to the instant appeal, he appealed his convictions and sentences under district court case number 10-97-692, but in appellate brief, he challenged as excessive only the twelve year sentence for simple burglary of an inhabited dwelling. State v. John Hayes, 2000-KA-1218 (La.App. 1st Cir.2/16/01) (not designated for publication). This court found that |3the six forgery convictions in *142 district court case number 10-97-692 were the only convictions on appeal and that defendant failed to raise any arguments specifically related to those forgery convictions or sentences. Finding that there was nothing to review on the forgery convictions and that there were no errors patent, this court affirmed the six forgery convictions and sentences of district court case number 10-97-692.
Defendant now appeals the convictions and sentences for the three counts of forgery (district court case number 07-98-98). He appeals the remaining convictions and sentences in companion cases also decided this date.[2]
He urges the following assignments of error:
(1) Defendant should be allowed to withdraw his guilty pleas as they were not entered with full knowledge of the consequences of his sentences.
(2) The sentences should be vacated due to double jeopardy for multiple punishments for the same crime.
(3) The trial court imposed excessive sentences and did not sufficiently comply with the sentencing mandates of La.C.Cr.P. art. 894.1.
We affirm the convictions and sentences.
STATEMENT OF FACTS
In the Boykin hearing, counsel for the State placed on the record the following facts which he planned to prove in the event the matter proceeded to trial:
In district court case number 4-98-419:
On or about March 3, 1998,[3] defendant committed a burglary of an inhabited dwelling located on Apartment Court Drive in Baton Rouge. The occupant of the apartment did not give defendant permission to enter her apartment and “take things.”
|4 In district court case number 7-98-98:
On February 26 and 27, 1998,[4] defendant, without permission, used a credit card belonging to someone named “Hensely” and forged the name of “Shawn Rice” on credit card receipts at a dermatologist’s office, at Lenscrafters and at Walgreens, where he purchased medication prescribed by the dermatologist. Thus, he was charged with three counts of forgery.
In district court case numbers 4-98-610, 4-98-611 and 10-97-692:
Defendant was arrested for several instances, occurring between May 1 and September 30, 1997, of forging credit card receipts in connection with credit cards he stole from “certain rooms” on the campus of Southern University after having obtained keys to get into these rooms. He was charged with only six counts of forgery in connection with these crimes, although the State indicated at the Boykin hearing that there were more than six instances of forgery.
In connection with these instances of stealing credit cards and forging receipts, defendant was arrested for several in *143 stances of theft and was billed with only two counts of theft of a value over $500.
When asked by the trial judge whether he agreed with the facts as presented by counsel for the State, defendant responded that he did.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that he should be allowed to withdraw his guilty pleas, as they were not entered with his full knowledge of the consequences of his sentences. He contends that, at the time he changed his pleas from not guilty to guilty, he relied upon an agreement between his counsel and the State regarding the sentences. He asserts that he did not know at the time he pled guilty that the trial court was free to impose the maximum sentences. He further argues that it would make no sense for him to plead guilty in exchange for the maximum sentences as there would be no benefit to him in pleading guilty.
B We note the record reflects that no mention was made of agreed-upon sentences at the Boykin examination, and defendant does not refer herein to any specific agreement regarding the sentences. We further note the maximum sentence was imposed only for the crime of simple burglary of an inhabited dwelling. Defendant did in fact benefit from pleading guilty to the charges against him in that he could have received the maximum sentence for each conviction. Furthermore, the State points out that defendant could have been charged with all of the crimes for which he had been arrested, including thirty-one counts of theft. Defendant’s maximum sentencing exposure was much greater than his actual sentences, and the sentences could have been imposed consecutively rather than concurrently.
At the Boykin examination, the trial judge advised defendant of the statutory penalty range for each crime and asked defendant if he understood, to which defendant responded affirmatively. Furthermore, the court asked defendant if there had been any force, intimidation, coercion or promise of award. Defendant responded, “No, sir.” Thus, the record clearly reflects that defendant understood that he was exposed to maximum sentences for each conviction.
If, as defendant suggests, his pleas were induced by promises which he relied upon, his counsel could have objected at the time the sentences were imposed, asserting that they were not in conformity with the agreement, or he could have filed a motion for reconsideration of the sentences on this basis. Because he did neither, there is nothing before us to review. See La.C.Cr.P. arts. 841 and 881.ID.
Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
Defendant contends that the convictions for nine counts of forgery on credit card receipts along with the convictions for two counts of theft constitute double jeopardy. The State counters that the two instances of theft for which defendant was charged and to which he pled guilty arose out of different incidents from those | fiof the forgery convictions. The State asserts that defendant was arrested on thirty-one counts of theft in connection with the unauthorized use of credit cards and that defendant used several different credit cards without authorization. The State avers that the numerous instances of unauthorized use of credit cards are sufficient to establish different incidents for each of the two counts of theft over a value of $500 and the nine counts of forgery.
*144 Defendant did not file a motion to quash the bills of information for those charges which he claims violate the double jeopardy clause; however, double jeopardy may be raised at any time, pursuant to La.C.Cr.P. art. 594. Furthermore, an unqualified plea of guilty does not preclude appellate review of what are regarded as “jurisdictional” defects, such as violations of the double jeopardy clause. State v. Crosby, 338 So.2d 584, 588 (La.1976).
The prohibition against double jeopardy protects an accused from being punished or prosecuted twice for the same offense. U.S. Const. amend. V; La. Const. art. I, § 15; La.C.Cr.P. art. 591. The purpose of these provisions is to protect an accused from a second prosecution for an offense, after he has already been acquitted or convicted of that offense, and also to protect the accused from multiple punishments for the same conduct. State v. Williams, 359 So.2d 115, 117 (La.1978).
While a defendant’s unqualified guilty pleas on multiple charges do not preclude appellate review for double jeopardy, his right to subsequently attack multiple convictions and sentences on double jeopardy grounds is severely circumscribed. In such a case, he can attack a conviction on double jeopardy grounds only if he shows a double jeopardy violation on the face of the record. United States v. Broce, 488 U.S. 563, 575-76, 109 S.Ct. 757, 765-66, 102 L.Ed.2d 927 (1989); State v. Arnold, 2000-0570, p. 1 (La.10/6/00), 770 So.2d 332, 332 (per curiam); State ex rel. Boyd v. State, 98-0378, p. 1 (La.10/9/98), 720 So.2d 667, 667 (per curiam). A court considering a double jeopardy attack on multiple convictions and sentences entered pursuant to unconditional guilty pleas |7should engage in a limited review of only the charging documents and plea colloquy. State v. Arnold, 2001-1399, p. 1 (La.4/12/02), 816 So.2d 289; see also Taylor v. Whitley, 933 F.2d 325, 327-28 (5th Cir.1991), cert. denied, 503 U.S. 988, 112 S.Ct. 1678, 118 L.Ed.2d 395 (1992).
The record of the Boykin examination reflects that counsel for the State, in reciting the facts he intended to prove if the matters went to trial, stated that defendant had committed more forgeries and more thefts than the number for which he was charged. Defendant responded affirmatively when asked by the trial judge if he agreed with the facts as recited by counsel for the State. Nothing in the record indicates that the two counts of theft relate to the same instances as those which support the forgery convictions, and there is no reason to believe that, in charging defendant, the State intended these charges to overlap.
Accordingly, we find there is no double jeopardy. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER THREE
Defendant asserts that his sentences are unconstitutionally excessive and that the trial court erred in failing to comply with the guidelines of La.C.Cr.P. art. 894.1. Defendant filed a written motion for reconsideration of all of the sentences. (This motion was filed in case number 10-97-692.) Defendant contends that the sentences are disproportionate to the crimes charged. He asserts that he acted responsibly in pleading guilty to the crimes charged and implies that the trial court should have taken this into consideration when imposing the sentences.
 In undertaking our review of the excessiveness of defendant’s sentence, we expressly note that State v. Roosevelt Canada, Jr., 2001-2674 (La.App. 1st Cir.5/10/02), 838 So.2d 784, 790-91, is inap *145 plicable to the facts of this case. In Canada, another panel of this court concluded appellate review of the alleged excessiveness of defendant’s sentence was precluded in those cases where the sentence imposed was in conformity with the plea agreement entered into between the defendant, the State and the trial court. The sentencing function is 1 ^exclusively within the province of the trial court’s authority. State v. Hennis, 98-0664, pp. 4-5 (La.App. 1st Cir.02/19/99), 734 So.2d 16, 18. If the parties agree to a specific sentence, where the trial court has not agreed to abide by any such agreement, the trial court retains the discretion to reject such an agreement. See Hennis, 98-0664 at p. 5, 734 So.2d at 18. Thus, under the facts presently before us where the trial court did not agree to abide to the specific sentence agreed upon between the State and defendant and, therefore, was not a party to the agreement, defendant is entitled to appellate review of the exces-siveness of his sentence.
In this appeal, we review only the sentences for three counts of forgery.
Louisiana Code of Criminal Procedure article 894.1
The Louisiana Code of Criminal Procedure article 894.1 sets forth items that must be considered by the trial court before imposing sentence. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the criteria. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Constitutional Excessiveness
Article I, Section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one’s sense of justice. State v. Reed, 409 So.2d 266, 267 (La.1982). A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475, 478 (La.1982).
Pertinent to this matter is La. R.S. 14:72, which provides the penalty for forgery to be a fine of not more than five thousand dollars, or imprisonment, with or without hard labor, for not more than ten years, or both. For each count of forgery, defendant was sentenced to five years imprisonment at hard labor, the sentences to run concurrently.
The trial court noted that it had ordered and reviewed a pre-sentence investigation report and gave the following reasons for the sentences imposed: Defendant, who was thirty-two years old at the time of sentencing, is a second felony offender. He was previously convicted of simple burglary and theft by credit card. He was on parole from a previous conviction when he committed the crimes charged in the instant matter. There are *146 charges pending against him in St. John the Baptist Parish for unauthorized entry of an inhabited dwelling. He is a chronic offender who is in need of correctional treatment in a custodial environment.
After thoroughly reviewing the record, we find that the trial court adequately considered the criteria of article 894.1 and did not manifestly abuse its discretion in imposing the sentences herein. Defendant has at least two prior felony convictions and several other convictions in the above-referenced companion cases. The district attorney could have brought more charges against him, but agreed, as part of the plea bargain agreement, not to. In light of his criminal history, defendant is the worst kind of offender. Therefore, the imposition of the sentences does not constitute the needless infliction of pain and suffering, and the sentences are not grossly disproportionate to the severity of the offenses. Thus, they are not unconstitutionally excessive. Accordingly, this assignment of error has no merit.
I ^CONCLUSION
For these reasons, the conviction and sentences imposed against defendant, John Hayes, for three counts of forgery (district court case number 07-98-98) are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.
LANIER, J., concurs for the reasons assigned by DOWNING, J.

. See 2002-0524 (La.App. 1st Cir.9/27/02)(appealing his conviction and sentence for one count of theft of a value over $500); 2002-0525 (La.App. 1st Cir.9/27/02)(appealing his conviction and sentence for one count of simple burglary of an inhabited dwelling); and 2002-0526 (La.App. 1st Cir.9/27/02)(appealing his conviction and sentence for one count of theft of a value over $500).

. This date was not provided in the Boykin hearing but appears in the bill of information.

. These dates were not provided in the Boykin hearing but appear in the bill of information.