NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-701

STATE OF LOUISIANA

VERSUS

CHARLES J. DOYLE A/K/A JOEY DOYLE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 21547-08
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

John Foster DeRosier
District Attorney - 14th Judicial District Court
Carla Sue Sigler
Assistant District Attorney - 14th Judicial District Court
P. O. Box 3206
Lake Charles, LA 70602-3206
Telephone:  (337) 437-3400
COUNSEL FOR:
      Plaintiff/Appellee - State of Louisiana

Edward John Marquet
Louisiana Appellate Project
P. O. Box 53733
Lafayette, LA 70505-3733
Telephone:  (337) 237-6841
COUNSEL FOR:
      Defendant/Appellant - Charles J. Doyle

**Charles J. Doyle**
**Allen Correctional Center**
**3751 Lauderdale Woodyard Road**
**Kinder, LA 70648**

**THIBODEAUX, Chief Judge.**

Defendant, Charles Doyle, pleaded guilty to simple burglary, theft over $500, and aggravated flight from an officer. The offenses were not connected and occurred on different dates and at different locations. The cases were not consolidated at the trial court, but were consolidated for purposes of briefing on appeal. Following the plea agreement, the State recommended an eight-year sentence for all three offenses. The trial court disagreed and imposed a sentence of six years for simple burglary, six years for theft over $500, and two years for aggravated flight from an officer, to be served consecutively. Defendant argues that the fourteen-year sentence is excessive. We affirm the judgment of the trial court.

I.

**ISSUE**

We will consider whether the trial court erred by imposing an excessive sentence on Defendant.

II.

**FACTS AND PROCEDURAL HISTORY**

Defendant and two co-defendants drove a truck to Vinton, Louisiana, where they entered private property by ramming into a locked gate with the truck Defendant was driving. Once they were on the property, they pried open a trailer from which they stole a generator, power tools, and stackable Craftsman toolboxes. Defendant was charged with simple burglary, in violation of La.R.S. 14:62, and later pleaded guilty to that charge, along with two unrelated charges of theft over $500 and aggravated flight from a police officer.[1] In exchange for guilty pleas for these offenses, the State dismissed several companion charges. A joint sentence

---

[1]Defendant's convictions for theft over $500 and aggravated flight from a police officer are also before this court in appellate docket numbers 12-700 and 12-702, respectively.

recommendation of a total term of eight years at hard labor accompanied the plea agreement. Although the cases were not consolidated, Defendant was sentenced on all counts in a single hearing after entering his guilty pleas. For simple burglary, which is before this court on review in the instant matter, Defendant was sentenced to six years at hard labor, with credit for time served. He was also sentenced to six years at hard labor for theft over $500 and two years at hard labor for aggravated flight from an officer. The sentences were ordered to run consecutively for a total term of fourteen years. Defendant asserts that his fourteen-year sentence is excessive. Since the cases were not consolidated, the only sentence reviewed here is the six years Defendant received for simple burglary.

## III.

## LAW AND DISCUSSION

### Standard of Review

The trial court may impose, at its discretion, any appropriate sentence within the statutory guidelines. That sentence is subject to review, however, for violations of a defendant's constitutional right against excessive punishment. *State v. Sepulvado*, 367 So.2d 762 (La.1979). A sentence is excessive if "it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering." *State v. Bonanno*, 384 So.2d 355, 357 (La.1980). The pertinent standard is whether the trial court abused its broad discretionary powers, not whether a different sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043 (1996).

**Discussion**

*Excessive Sentence*

Defendant argues that his sentence is excessive because of mitigating factors and because the State recommended a lighter sentence. We disagree. To decide whether a sentence is excessive, a court of appeal may consider: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. *State v. Guilbeau*, 11-07 (La.App. 3 Cir. 6/22/11), 71 So.3d 1010 (citing *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-0433 (La. 6/25/99), 745 So.2d 1183). Louisiana Code of Criminal Procedure Article 894.1 outlines the factors a trial court should consider when sentencing a defendant. Some of those factors include: whether there is an undue risk that the defendant will commit another crime; whether the defendant is in need of correctional treatment or a custodial environment; whether defendant's actions put more than one person at risk of death or great bodily harm; or, whether a lesser sentence will deprecate the seriousness of the defendant's crime. "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983).

When Defendant committed this offense, the penalty for simple burglary was not more than twelve years imprisonment, with or without hard labor, or a fine of not more than $2,000, or both. La.R.S. 14:62(B). Defendant's six-year hard labor sentence was half of the maximum possible sentence. Defendant was also spared a large fine and his sentencing exposure was significantly reduced when the State dismissed a number of felony and misdemeanor charges as part of the plea agreement.

Before accepting Defendant's guilty pleas, the trial court asked Defendant if he understood that the sentencing recommendation was "just a

suggestion" and that it was not bound by the recommendation. Defendant responded affirmatively. The trial court also confirmed that Defendant understood the difference between consecutive and concurrent sentences, and that he could be sentenced to a total of twenty-four years at hard labor and be fined up to $7,000. Defendant indicated that he accepted the possibility of this outcome.

During sentencing, the trial court discussed the aggravating and mitigating factors as required by Article 894.1. Specifically, the court concluded that Defendant's three prior felonies illustrated the likelihood that he would re-offend if offered a suspended or probated sentence. Similarly, the court noted that although some of Defendant's prior felonies were committed while he was suffering from a substance abuse problem, he continued to offend even after he supposedly recovered. Defendant's prior attempt at recovery precluded the court from considering a treatment program as a viable alternative to prison time. Likewise, the trial court determined that Defendant put more than one person at risk of great bodily harm when he led police officers in a high speed chase to evade capture.

Defendant argues that certain mitigating factors necessitate a lesser sentence. Specifically, Defendant stresses that he was not a career criminal and that the trial court acknowledged that it lacked information regarding the offenses because no presentence investigation was performed. The trial court found these arguments meritless, and we agree.

To support his argument, Defendant cites *State v. Hayes*, 02-527 (La.App. 1 Cir. 10/2/02), 836 So.2d 139. In that case, the defendant pleaded guilty to forgery, theft over $500, and simple burglary of an inhabited dwelling. The defendant received twelve years at hard labor for burglary of an inhabited dwelling, which was upheld on appeal. That case is not helpful to Defendant because Defendant received half of the sentence the defendant in *Hayes* received.

4

Defendant's three prior felonies show his propensity to commit crimes, even if that propensity is not a career objective. This propensity is an aggravating factor. Further, the trial court was not required to order a presentence investigation and it was within the court's discretion to decline to do so. La.Code Crim.P. art. 875(A). The trial court's judgment is not an abuse of discretion.

*Consecutive Sentences*

Although Defendant does not specifically argue that his sentences should have been concurrent, his excessiveness claim concerns the aggregate fourteen-year sentence. Therefore, we will address this issue. We agree with the trial court's decision to order consecutive sentences. Louisiana Code of Criminal Procedure Article 883 addresses the imposition of concurrent versus consecutive sentences. That article states that if a defendant is convicted of two or more crimes based on "the same act or transaction" or "constituting parts of a common scheme or plan," then the sentences shall be served concurrently unless the judge unambiguously states that they are to run consecutively. Other sentences "shall be served consecutively unless the court expressly directs that some or all of them be served concurrently." La.Code Crim.P. art. 883.

Here, the three offenses for which Defendant received consecutive sentences were not based on the same act or transaction and did not constitute parts of a common scheme or plan. The offenses occurred on different dates, at different locations, and were unconnected. We find the imposition of consecutive sentences for these offenses is consistent with Article 883.

Defendant received half of the maximum possible sentence, he was spared a substantial fine, he received significant benefit from his plea agreement, and consecutive sentences were appropriate in his case; therefore, Defendant has not shown that his sentence is excessive. Although the State recommended a lesser

5

sentence, the trial court was not required to accept the State's recommendation. *State v. Rios*, 95-961 (La.App. 3 Cir. 3/6/96), 670 So.2d 708. Additionally, the trial court thoroughly stated for the record the mitigating and aggravating factors considered in determining Defendant's sentence. In light of these factors, combined with a lack of support from the jurisprudence cited by the Defendant, we find the trial court did not abuse its sentencing discretion.

## IV.

## **ERRORS PATENT**

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, this court finds there is one error patent.

The bill of information was not signed by the district attorney. Louisiana Code of Criminal Procedure Article 384 provides, "[a]n information is a written accusation of crime made by the district attorney or the city prosecutor and signed by him." The First Circuit Court of Appeal has held that the prosecution ratifies the filing of formal charges by presenting a case for trial. *State v. Allen*, 05-1622 (La.App. 1 Cir. 3/29/06), 934 So.2d 146. By ratifying the filing of formal charges, the prosecution ensures the protection afforded to the accused by the requirement of the district attorney signing the information. *Id.* Further, "although the failure of the district attorney to sign the bill of information is a ground for quashing the information," if the defendant fails to file a motion to quash, he waives his right to complain about the district attorney's failure to sign the bill of information. *Id.* at 158. This court agrees with the first circuit.[2]

Defendant did not file a motion to quash in the present case; therefore, Defendant waived this defect.

---

[2]This court reached the same conclusion in *State in the Interest of D.J.*, 08-345 (La.App. 3 Cir. 8/28/08), 995 So.2d 1.

## V.

## <u>DISPOSITION</u>

For the reasons above, we affirm Defendant's six-year sentence for simple burglary, to run consecutively to Defendant's sentences for theft over $500 and aggravated flight from a police officer.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.  RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.