864 So.2d 860 (2003)
STATE of Louisiana
v.
Frank J. ROBERTS.
No. 03-KA-933.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
*861 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Juliet Clark, Thomas Block, Assistant District Attorneys, Gretna, LA, Counsel for the State of Louisiana, Plaintiff/Appellee.
Martin E. Regan, Jr., Kris A. Moe, Regan & Associates, P.L.C., New Orleans, LA, Counsel for Frank Roberts, Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This is defendant's second appeal. His first appeal was dismissed as untimely because it was filed more than five days after the ruling he sought to appeal. The matter was remanded to allow defendant an opportunity to seek reinstatement of his appeal rights through an application for post-conviction relief under State v. Counterman, 475 So.2d 336 (La.1985). See, State v. Roberts, 02-KA-538 (La.App. 5 *862 Cir. 11/26/02), 836 So.2d 710, an unpublished opinion. In accordance with this Court's opinion, defendant filed two applications for post-conviction relief[1] and was ultimately granted an out-of-time appeal on July 11, 2003.[2]
As stated in this Court's previous opinion, defendant, Frank Roberts, along with several co-defendants, was charged in multi-count bill of information on July 3, 2001 with two counts of theft over $1,000 in violation of LSA-R.S. 14:67, and one count of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. The bill of information was amended on October 15, 2001 to reduce the charge of simple burglary of an inhabited dwelling to possession of stolen property valued over $500 in violation of LSA-R.S. 14:69(A).
Pursuant to a plea agreement, defendant pled guilty to all three charges, as amended, and was sentenced to ten years on each of the three counts to run concurrently. The sentence was suspended and defendant was placed on five years of active probation.
Thereafter, on October 22, 2001, defendant filed a motion to withdraw his guilty pleas claiming his attorney had a conflict of interest in representing multiple co-defendants with opposing interests. His motion was denied after a hearing on March 13, 2002. On the same day, defendant's probation was revoked for violating the conditions of his probation and his original ten-year sentence was reinstated.[3]

FACTS
Defendant pled guilty so the facts are limited to the information ascertained during the plea colloquy. Regarding the illegal possession of stolen property charge, defendant stated that he purchased a television set which he had good reason to believe was stolen and had it at his residence. As for the theft charges, defendant stated he sold a stolen four-wheeler and received $1,000 from the person he sold it to. He denied stealing the four-wheeler. The State indicated it would prove defendant stole the four-wheeler, valued at $1,000, from Wal-Mart on August 11, 2000 and, then, subsequently sold the four-wheeler to Angie Abadie, who paid defendant over $1,000 cash, on February 14, 2001.

ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in failing to inquire about the joint representation of Frank Roberts and his codefendants to advise each of their right to separate representation pursuant to La.C.Cr.P. art. 517.

ASSIGNMENT OF ERROR NUMBER TWO
The court abused its discretion in denying Roberts' motion to withdraw his guilty plea, when it was disclosed that a conflict existed between jointly represented codefendants Roberts and Barrios.

DISCUSSION
These two assignments of error raise overlapping issues and, thus, are considered together. Defendant first argues *863 the trial court erred in failing to advise him of his right to conflict-free representation before accepting his guilty pleas as required by LSA-C.Cr.P. art. 517. He maintains the failure of the trial court to issue this mandatory advice constitutes reversible error. Defendant also argues he received ineffective assistance of counsel because his counsel jointly represented him and his co-defendants despite a conflict of interest. As such, he claims the trial court erred in denying his motion to withdraw his guilty pleas.
The State responds that the failure of the trial court to advise defendant of conflict-free representation pursuant to LSA-C.Cr.P. art. 517 is harmless error. The State further contends defendant failed to prove he suffered any prejudice due to the joint representation and, therefore, was not denied effective assistance of counsel.
LSA-C.Cr.P. art. 517(A) provides:
Whenever two or more defendants have been jointly charged in a single indictment or have moved to consolidate their indictments for a joint trial, and are represented by the same retained or appointed counsel or by retained or appointed counsel who are associated in the practice of law, the court shall inquire with respect to such joint representation and shall advise each defendant on the record of his right to separate representation.
(Emphasis added.)
In the present case, the trial court did not advise defendant of his right to separate representation as required by LSA-C.Cr.P. art. 517 prior to accepting his guilty plea. Thus, the issue is whether the trial court's failure to comply with Article 517 renders defendant's guilty plea invalid.
Joint representation of co-defendants by the same counsel "is not per se violative of the constitutional guarantees of effective assistance of counsel" unless it gives rise to a conflict of interest. State v. Smith, 98-2078 (La.10/29/99), 748 So.2d 1139, 1142, quoting Holloway v. Arkansas, 435 U.S. 475, 482, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978); State v. Kahey, 436 So.2d 475, 484 (La.1983). Prior to the enactment of Article 517 in 1997, the burden was on a defendant to notify the court that a possible conflict existed unless the circumstances were such that the court knew or should have known that a particular conflict existed. Absent those special circumstances, a defendant who raised no objection prior to or during trial had the burden of showing post-verdict that an actual conflict existed which adversely affected counsel's performance in order to establish a violation of the Sixth Amendment right to effective counsel. State v. Smith, supra at 1142, citing Cuyler v. Sullivan, 446 U.S. 335, 347, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333 (1980). Only if the trial court knew or reasonably should have known that a conflict existed did it have to initiate an inquiry into the joint representation.
With the enactment of Article 517, an affirmative duty was placed on the trial court in cases of joint representation "to advise the defendant of his right to conflict-free representation." Comment (b) to Article 517. Neither the article nor the comments set forth or discuss the repercussions for a trial court's failure to advise a defendant of his right to separate counsel.
In State v. Miller, 00-0218 (La.App. 4 Cir. 7/25/01), 792 So.2d 104, 113-115, writ denied, 01-2420 (La.6/21/02), 818 So.2d 791, the Fourth Circuit was faced with the issue of a defendant who proceeded to trial with joint representation without being advised of his right to separate representation pursuant to LSA-C.Cr.P. art. 517. The Fourth Circuit concluded that *864 the failure of the trial court to inquire into the joint representation on the record did not rise to the level of a denial of a defendant's constitutional right and was subject to a harmless error analysis.
In reaching its conclusion, the Fourth Circuit relied on federal jurisprudence interpreting F.R.Cr.P. 44(c), upon which Article 517 is based.[4] Citing United States v. Holley, 826 F.2d 331 (5th Cir.1987), cert. denied, 485 U.S. 960, 108 S.Ct. 1222, 99 L.Ed.2d 422 and United States v. Benavidez, 664 F.2d 1255, 1258 (5th Cir.1982), cert. denied, 457 U.S. 1135, 102 S.Ct. 2963, 73 L.Ed.2d 1352, the court in Miller found that Rule 44(c) was "strictly [a] procedural vehicle to lessen the possibility that after conviction a jointly represented defendant will assert a claim that his counsel was not conflict-free and thus was ineffective" State v. Miller, 792 So.2d at 114. The court concluded that Rule 44(c) did not give a defendant any new constitutional rights and, thus, by analogy, neither did Article 517.
The court in Miller ultimately concluded the record showed no actual conflict by counsel and noted the defendant failed to suggest any alternative defense he might have employed with separate counsel.
Recently, in United States v. Salado, 339 F.3d 285 (5th Cir.2003), the United States Fifth Circuit addressed the issue of whether a district court's failure to comply with Rule 44(c) warranted reversal of defendant's conviction. The federal appellate court stated that the trial court's failure to comply with Rule 44(c) did not, by itself, entitle a defendant to relief. The court explained that a defendant must still demonstrate an actual conflict of interest before his conviction would be reversed. The court further stated that where a defendant did not object to the possible conflict of interest before or during trial, he must also prove the actual conflict adversely affected his counsel's performance.
Based on the above, we find that a defendant who challenges his conviction on the basis he was deprived of his constitutional right to conflict-free representation because the trial court failed to comply with Article 517 bears the same burden of proof post-verdict that he bore prior to the enactment of Article 517; specifically, he must show an actual conflict existed which adversely affected his counsel's performance. Thus, the trial court's failure to inquire into the joint representation and to advise defendant of his right to separate representation as required by Article 517 does not warrant an automatic reversal.
The remaining issue, whether defendant proved an actual conflict existed which adversely affected his counsel's performance, is effectively defendant's ineffective assistance of counsel claim. Generally, in order to show ineffective assistance of counsel, the defendant must demonstrate that 1) his attorney's performance was deficient, and 2) he was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042 (La. App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075, writ denied, 94-1361 (La.11/4/94), 644 So.2d 1055. Where the ineffective assistance of counsel claim is based on a conflict of interest claim and defendant proves an actual conflict, a denial of effective representation *865 exists without a showing of specific prejudice. State v. Kahey, 436 So.2d at 485.
Generally, a claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction where a full evidentiary hearing may be conducted. State v. McIntyre, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753. But, when the record contains sufficient evidence to decide the issue and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780, 787 (La.1993); State v. McIntyre, supra. We find the record in the present case is sufficient to address the issue.
In the present case, defendant filed a motion to withdraw his guilty pleas after sentencing on the basis he did not receive conflict-free representation because his attorney represented three defendants with opposing interests.[5] Defendant explained two attorneys from the same law firm represented him and co-defendants, Tera Barrios and Gary Klegin. He claimed he would not have pled guilty had he had separate counsel. As discussed above, because defendant did not object to the joint representation prior to entering his guilty plea, he had the burden of proving an actual conflict existed which adversely affected his counsel's performance.
An actual conflict of interests exists "when the defendant proves that his attorney was placed in a situation inherently conducive to divided loyalties." State v. Kahey, 436 So.2d at 484. "If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interests of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client." State v. Kahey, 436 So.2d at 484-485, quoting Zuck v. Alabama, 588 F.2d 436, 439 (5th Cir.1979), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979).
The record fails to reveal an actual conflict of interest existed in defense counsel's joint representation of defendant and co-defendants. The bill of information shows co-defendant, Tera Barrios, was initially charged with accessory-after-the-fact for concealing and aiding defendant after the commission of a burglary of an inhabited dwelling. The charge was reduced to possession of stolen property valued over $500. Defendant contends his attorney advised him to plead guilty to his detriment and to the benefit of Barrios. Specifically, defendant asserts he was told that Barrios, his fiancee, would not receive probation unless he pled guilty.
First, defendant failed to prove the allegation that he was induced to plead guilty to his detriment. No testimony was offered at the hearing on the motion to withdraw his guilty pleas to support the allegation that such a threat was made. Additionally, the transcript of his guilty plea shows he denied he was threatened or promised anything in exchange for his guilty plea.
Second, even assuming the assertion were true, it does not demonstrate an actual conflict of interest. Defense counsel's *866 representation of defendant and Barrios did not prevent him from negotiating a favorable plea bargain for defendant. Defense counsel was successful in obtaining a reduced charge for defendant that did not require mandatory jail time and successfully negotiated a sentence of probation for defendant. Furthermore, there was no allegation of antagonistic defenses between defendant and Barrios and, from the record, we find that their defenses would have been consistent and compatible with each other. Thus, defendant failed to show an actual conflict existed in his counsel's joint representation of him and Barrios.
Regarding the joint representation of defendant and co-defendant, Gary Klegin, the bill of information shows Klegin was charged with simple burglary of an inhabited dwelling unrelated to the charges against defendant. Klegin's burglary was alleged to have occurred with another co-defendant, on a separate day, and at a separate address than the burglary with which defendant was charged. At the hearing on the motion to withdraw his guilty pleas, defendant claimed Klegin had a different version of facts as to what happened but never elaborated or demonstrated how the different version adversely affected his defense. Again, defendant failed to show antagonistic defenses between him and Klegin.
Thus, defendant failed to meet his burden of proof that an actual conflict existed which adversely affected his counsel's performance. As such, we fail to find that defendant's constitutional right to effective assistance of counsel was violated by the joint representation. Furthermore, defendant suffered no prejudice by the trial court's failure to advise him of separate representation, as required by LSA-C.Cr.P. art. 517, prior to accepting his guilty plea.
Defendant's assignments of error are without merit.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). There are no errors patent which require corrective action.

DECREE
Accordingly, for the reasons assigned herein, the conviction and sentence of defendant Frank J. Roberts are affirmed.
AFFIRMED.
NOTES
[1] Defense counsel filed the first application for post-conviction relief on January 14, 2003 and defendant filed a pro se application for post-conviction relief on February 4, 2003.
[2] The trial court initially denied defendant's two applications for post-conviction relief on the merits without addressing defendant's right to an out-of-time appeal. Defendant subsequently filed a supervisory writ with this Court on May 16, 2003. On June 10, 2003, this Court granted defendant's writ and ordered the trial court to consider defendant's application for post-conviction relief as an application for an out-of-time appeal.
[3] The basis for the revocation of defendant's probation is not before the court at this time.
[4] Comment (b) to Article 517 states that the article is based, almost verbatim, on Federal Rule of Criminal Procedure 44(c). Rule 44(c) provides in pertinent part: "Whenever two or more defendants have been jointly charged... or have been joined for trial ... and are represented by the same retained or assigned counsel ..., the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of the right to the effective assistance of counsel, including separate representation."
[5] Despite the language of LSA-C.Cr.P. art. 559, which provides that a trial court may permit the withdrawal of a guilty plea at any time prior to sentencing, a trial court can properly vacate a guilty plea after sentence if it determines that the facts surrounding a guilty plea rendered it constitutionally deficient. State v. Lewis, 421 So.2d 224, 225 (La. 1982).