# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-345


**STATE IN THE INTEREST OF**

**D.J.**


************

APPEAL FROM THE
JEANERETTE CITY COURT
PARISH OF IBERIA, NO. 2117
HONORABLE CAMERON B. SIMMONS, CITY JUDGE

************

**MICHAEL G. SULLIVAN**
**JUDGE**

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.


**REMANDED WITH INSTRUCTIONS.**

**J. Phil Haney**
**District Attorney**
**Walter J. Senette, Jr.**
**Assistant District Attorney**
**Post Office Box 268**
**Jeanerette, Louisiana 70544**
**(337) 276-5603**
**Counsel for:**
**State of Louisiana**

**Katherine M. Franks**
**Louisiana Appellate Project**
**Post Office Box 1677**
**Abita Springs, Louisiana 70420**
**(985) 809-1996**
**Counsel for Defendant/Appellant:**
**D. J.**

**SULLIVAN, Judge.**

Defendant, a juvenile, appeals his adjudication and disposition for aggravated burglary, a violation of La.R.S. 14:60. For the following reasons, we conditionally affirm Defendant's adjudication and remand for an evidentiary hearing as discussed herein; if necessary, a new disposition hearing is to be held.

### Facts and Procedural History

On September 20, 2007, in response to a report by Mr. Leroy Iden to the Jeanerette City Police of a gun being stolen from his family's residence, the police began an investigation, which revealed that on the prior day D.J.,[1] a juvenile, and three other juveniles allegedly asked Mr. Iden's daughter if they could see her father's guns. Based on a description provided by the daughter, D.J. was taken into custody, and with his mother's permission, was interrogated by two juvenile officers of the Jeanerette Police Department. During the course of the interview, D.J. admitted that he and three other juveniles had entered the Idens' residence without their permission, but he claimed that he never saw anyone who entered the residence take a gun.

On September 21, 2007, D.J. was charged by way of petition for delinquency with aggravated burglary in violation of La.R.S. 14:60. Subsequently, he was adjudicated a delinquent for committing the offense charged, and, after a disposition hearing, he was committed to the custody of the Department of Public Safety and Corrections, Office of Youth Development, for a period of one year with a recommendation for placement in a non-secure facility.[2]

---

[1]Pursuant to La.Ch.Code arts. 407 and 879 and Uniform Rules—Courts of Appeal, Rule 5-2, D.J.'s initials are used.

[2]The transcript of the disposition hearing indicates that the trial court judge mistakenly stated D.J. was committed to the custody of the "State of Louisiana," instead of the Department of Public Safety and Corrections. *See* La.Ch. Code art. 899.

1

D.J. is now before this court and alleges the following assignments of error:

1. The evidence introduced at the adjudication hearing did not establish the elements of the offense as to D.J. beyond a reasonable doubt.

2. D.J. was subject to ineffective assistance of counsel at his adjudication hearing and at the adjudication hearings for the other juveniles involved in the incident at Idens' home.

3. The disposition is excessive under the facts of this case and is not justified by the offense, the predisposition report, or the trial judge's reasons.

4. The egregious actions of the prosecutor and the failure of the trial judge to insure that the rights of an unrepresented juvenile were protected denied D.J. his Fifth Amendment right not to incriminate himself and his Sixth Amendment right to both effective and conflict-free counsel.

5. Patent Error.

A Motion to Supplement the Record and to Suspend Briefing Deadlines was filed on D.J.'s behalf in this court. D.J.'s counsel requested that the "transcript and minutes of December 20, 2007 in the joined juvenile cases be ordered supplemented into [the] record in this case" and asked that the minute entries for both December 20, 2007, and January 24, 2008, be ordered to state the attorney representing each juvenile at these hearings.

On April 10, 2008, this court issued an order which provided, in pertinent part:

After review of the "Motion to Supplement the Record and to Suspend Briefing Deadlines" filed on behalf of D.J., and the record in the above-referenced matter,

IT IS HEREBY ORDERED that the motion to supplement the record with the minutes and transcript of December 20, 2007, is denied as counsel for the juvenile may request permission to view the appellate records in the other related juvenile cases which contain said minutes and transcript.

IT IS FURTHER ORDERED that the request for amendment of minutes is referred to the merits of the appeal.

2

As a result, this court must determine whether the court minutes of December 20, 2007, and January 24, 2008, should be corrected. The minute entry of the December 20, 2007 hearing is not contained in D.J.'s appellate record as that hearing pertains to events that occurred in the other juveniles' cases; therefore, this request must be denied because it is not properly before the court in *this* case. The minute entry of January 24, 2008, accurately reflects that Shentell Brown, the attorney appointed to represent D.J., was present in open court representing him at his disposition hearing and that another attorney was present representing another juvenile. Accordingly, there is no need for correction of this minute entry, and the request for correction of this minute entry is denied.

### *Sufficiency of the Evidence*

D.J. alleges that there was insufficient evidence to adjudicate him delinquent for the offense of aggravated burglary. This court addressed the sufficiency of the evidence standard in *State v. Touchet*, 04-1027, pp. 1-2 (La.App. 3 Cir. 3/9/05), 897 So.2d 900, 902, stating:

> With regard to sufficiency of the evidence, this court set forth as follows in *State v. Lambert*, 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27:
>
> > When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witness. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See*

3

> *King,* 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).

In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. In order for this court to affirm a conviction, the record must reflect that the State has satisfied this burden of proving the elements of the crime beyond a reasonable doubt. *State v. Kennerson*, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367.

Louisiana Revised Statutes 14:60 states, in pertinent part:

> Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
>
> . . . .
>
> (2) After entering arms himself with a dangerous weapon . . . .

At the adjudication hearing, the State contended that D.J. was guilty of aggravated burglary as a principal, urging:

> [I]t's aggravated burglary, because a weapon was taken and under the law of principles [sic], which is Article 14:24, says all persons concerned in the commission of a crime whether or absence [sic] or whether they directly commit the act, constituting an offense, aid and abet this commission, directly or indirectly, counsel . . . inaudible . . . another to commit the crime of principles [sic]. And clearly this Juvenile was a principle [sic], he aided and abetted by being in the residence.

The fifth circuit discussed the jurisprudence of principals in *State v. Hall*, 03-906, pp. 6-7 (La.App. 5 Cir. 5/26/04), 875 So.2d 996, 1001, *writ denied*, 04-1875 (La. 12/10/04), 888 So.2d 834, explaining:

> Only those persons who "knowingly participate in the planning or execution of a crime" are principals to that crime. *State v. Pierre*, 93-0893 (La. 2/3/94), 631 So.2d 427, 428. An individual may only be convicted as a principal for those crimes for which he personally has the requisite mental state. *Id*. The mental state of one defendant may not be imputed to another defendant. *State v. Coleman*, 02-345 (La.App. 5 Cir. 9/18/02), 829 So.2d 468, 471.

4

Mere presence at the scene of a crime does not make one a principal to the crime. *State v. Kirkland*, 01-425 (La.App. 5 Cir. 9/25/01), 798 So.2d 263, 269, *writ denied*, 01-2967 (La. 10/14/02), 827 So.2d 415. However, "'it is sufficient encouragement that the accomplice is standing by at the scene of the crime ready to give some aid if needed, although in such a case it is necessary that the principal actually be aware of the accomplice's intention.'" *State v. Kirkland*, *supra* at 269, *quoting State v. Anderson*, 97-1301 (La. 2/6/98), 707 So.2d 1223, 1225.

D.J. did not testify at the adjudication hearing, but the testimony of Officer Terrance Moore, who interrogated D.J., and D.J.'s statement established that one of the other juveniles, M.L., went to the Idens' home to steal a gun or guns. Mr. Iden testified that the only item taken from his residence was a gun. In accordance with *Hall*, 875 So.2d 996, D.J. could only be convicted as a principal to aggravated burglary if he personally had the requisite mental state because the mental state of the other juveniles could not be imputed to him. The following is a brief colloquy between Officer Moore and D.J. during D.J.'s statement:

| | |
|---|---|
| Officer Moore: | Alright. So, what made ya'll go back to the house, ya'll just plan to go back to get the guns today or what made ya'll want to go back today? |
| D.J.: | I was going back . . . inaudible . . . and I said I wasn't touching none of them and that's when we went back and I went with them, but I ain't never touched none of them guns. If he do got them, I ain't never touched of [sic] them. |

The following colloquy is from the cross-examination of Officer Moore:

| | |
|---|---|
| Ms. Pitman: | Now, when you spoke to D.J., did he, did he say that, their intent was at that point, at, um, when [they] went in the house . . . |
| Officer Moore: | Well, they said they was going in the house, um, N.L. wanted the guns. |
| Ms. Pitman: | But, he didn't, D.J. didn't say he wanted to go in the house for a gun. |

5

Officer Moore:     No, he said N.L. wanted the guns.

On appeal, the State did not address the crucial issue of D.J.'s intent; rather, it argued that the presence of someone other than D.J. at the residence was sufficient to find D.J. guilty of aggravated burglary. Based on the excerpts set forth above, we find that D.J. did not have the requisite intent for aggravated burglary, as he did not return to the house with the intent to take a gun, and while he knew M.L. wanted to take a gun, there is no indication that he intended to help M.L. take a gun. *Hall*, 875 So.2d 996. Accordingly, the State failed to prove an essential element of aggravated burglary beyond a reasonable doubt as required by *Jackson*, and it was error for D.J. to have been adjudicated delinquent for that offense.

When a Louisiana court reverses a conviction for insufficiency of the evidence, it has the authority to review the record and enter a conviction for a lesser-included offense when such conviction is supported by the record. *State v. Cox,* 07-774 (La.App. 3 Cir. 1/30/08), 974 So.2d 891. Louisiana Code of Criminal Procedure Article 814(A)(42), which enumerates the responsive verdicts to aggravated burglary, provides:

> Aggravated Burglary:
> Guilty.
> Guilty of attempted aggravated burglary.
> Guilty of simple burglary.
> Guilty of attempted simple burglary.
> Guilty of simple burglary of an inhabited dwelling.
> Guilty of attempted simple burglary of an inhabited dwelling.
> Guilty of unauthorized entry of an inhabited dwelling.
> Guilty of attempted unauthorized entry of an inhabited dwelling.
> Not guilty.

Simple burglary is defined by La.R.S. 14:62(A) as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein, other than as set

6

forth in R.S. 14:60." As discussed above, the evidence established that M.L., not D.J., went to the Idens' home to steal a gun or guns, but it did not establish that D.J. intended to assist M.L. in taking a gun. While M.L. had the intent to commit a felony, his mental state cannot be imputed to D.J. *Hall*, 875 So.2d 996. Therefore, the evidence is also insufficient to support a finding that D.J. committed simple burglary.

Louisiana Revised Statutes 14:62.3(A) states:

> Unauthorized entry of an inhabited dwelling is the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person.

The evidence presented at D.J.'s adjudication hearing is sufficient to support an adjudication of delinquency based on unauthorized entry of an inhabited dwelling, as he admitted to entering the Idens' residence without permission. However, for reasons discussed below, we are remanding this matter for an evidentiary hearing, and D.J.'s adjudication as a delinquent based on his commission of unauthorized entry of an inhabited dwelling is conditionally affirmed.

### *Assistance of Counsel*

D.J. urges that he received ineffective assistance of counsel in all phases of this proceeding in the trial court. Shentell Brown was appointed by the trial court to represent D.J. in this matter on November 15, 2007. At that time, an adjudication hearing was scheduled for December 13, 2007. On November 29, 2007, Ms. Brown filed a motion to continue the trial from December 13 to December 20. The trial court granted the motion. However, on December 13, for reasons not indicated by the record, the trial court compelled D.J. to proceed with his adjudication hearing with Kay Pittman representing him as stand-in counsel. The record does not indicate that

7

Ms. Pittman enrolled as counsel for D.J. or that she objected to the hearing taking place on that day when a continuance had been previously granted. D.J. complains that both Ms. Brown's and Ms. Pittman's representation was inadequate.

> The right of a criminal defendant to the assistance of counsel during the proceedings against him is a cornerstone of our legal system. *State v. Franklin*, 400 So.2d 616, 620 (La.1981). "To be more than just a hollow right, our law requires that assistance of counsel be effective." *Id.* As a general rule, therefore, Louisiana courts have held that an attorney laboring under an actual conflict of interest cannot render effective legal assistance to the defendant she is representing. *Id.*

*State v. Cisco*, 01-2732, pp. 16-17 (La. 12/3/03), 861 So.2d 118, 129, *cert. denied*, 541 U.S. 1005, 124 S.Ct. 2023 (2004).

***Conflict of Interest***

D.J. argues that Ms. Brown labored under a conflict of interest in her representation of him and that she and the trial court failed to insure that his right to conflict-free counsel was observed. The basis of his argument is that Ms. Brown was appointed to represent him and the other juveniles involved in the incident at the Idens' home. He identifies a number of facts which he contends establishes that Ms. Brown labored under a conflict of interest in her representation of him: 1) she did not object to the unverified, unauthorized petition; 2) she did not file a motion to suppress his statement prior to trial; 3) she did not object to D.J.'s adjudication hearing being held in her absence when she had obtained a continuance of the trial date and did not seek a new adjudication hearing; and 4) she did not appear with him at the trial of the other juveniles where he was compelled to testify as a state witness and incriminated himself, as well as the other juveniles. Lastly, D.J. urges that Ms. Brown's "loyalites to her other clients whom she may still have been representing

8

at the disposition hearing, was fatal," as he was the only one of the four juveniles to be adjudicated delinquent for aggravated burglary.

D.J. also urges that inaction on the part of the trial court at his adjudication hearing contributed to the conflict of interest. Contrary to D.J.'s argument, the record does not indicate that the trial court should have known Ms. Brown represented all four defendants until D.J.'s December 13, 2007 adjudication hearing, but the record clearly establishes that the trial court was made aware of the fact that a conflict existed at the conclusion of his adjudication hearing. No action was taken then to determine whether the conflict had already prejudiced D.J. or could prejudice him in future hearings.

In *Cisco*, 861 So.2d at 130, the supreme court restated its accepted definition of conflict of interest, which was set forth in *Zuck v. Alabama*, 588 F.2d 436, 439 (5th Cir.1979), *cert. denied*, 444 U.S. 833, 100 S.Ct. 63 (1979):

> If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interest of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to the other client.

Louisiana Code of Criminal Procedure Article 517(A) provides:

> Whenever two or more defendants have been jointly charged in a single indictment or have moved to consolidate their indictments for a joint trial, and are represented by the same retained or appointed counsel or by retained or appointed counsel who are associated in the practice of law, the court shall inquire with respect to such joint representation and shall advise each defendant on the record of his right to separate representation.

Initially, we observe that D.J. was charged individually, not with the other juveniles, and that the cases of the juveniles involved in the incident at the Idens' home were not consolidated for trial. Therefore, the trial court did not have an

9

affirmative duty to notify the juveniles of their right to separate representation before trial, unless the trial court had knowledge that the juveniles were being represented by the same attorney. *State v. Roberts*, 03-933 (La.App. 5 Cir. 12/30/03), 864 So.2d 860.

The timing of a defendant's complaint that his attorney has a conflict of interest determines the defendant's burden of proof on the issue and how the trial court is to address the issue. *Id.* If the objection is raised before trial, the trial court must determine whether a conflict exists which necessitates appointment of separate counsel and appoint separate counsel when warranted. Failure to do so requires reversal. *Cisco*, 861 So.2d 118. However, if the objection is not raised until after trial, the defendant must establish that he was actually prejudiced by the conflict to obtain a reversal. *State v. Tart*, 93-773 (La. 2/9/96), 672 So.2d 116, *cert. denied*, 519 U.S. 934, 117 S.Ct. 310 (1996); *Roberts*, 864 So.2d 860.

While the record does not disclose the other juveniles' defenses, it does establish that a conflict existed between D.J. and the other juveniles, as he implicated two of them in his statement. Thus, a conflict of interest existed for any attorney who represented D.J. and any of the other juveniles. Because D.J.'s conflict of interest objection was not raised before trial, he must establish that he was actually prejudiced by the conflict. *Id.*

The record establishes that some, if not all, of the four juveniles were represented by the same attorney prior to the disposition hearing. Even assuming all four juveniles were represented by the same attorney before D.J.'s adjudication hearing on December 13, 2007, nothing in the record in this case establishes that the trial court knew this or that the juveniles were to be jointly tried prior to that time.

The petition names only D.J., and the court minutes preceding the December 13, 2007 minute entry mention only D.J. To say the judge was under a duty to investigate the conflict issue prior to December 13, 2007, is speculative given the record before the court in this case.

Courts often relegate conflict of counsel issues to post-conviction relief when the record is insufficient to address the issue. *See State v. M.M.*, 00-1296 (La.App. 3 Cir. 8/29/01), 802 So.2d 43, *writ denied*, 01-3370 (La. 10/4/02), 826 So.2d 1121; *State v. Griffin*, 02-1341 (La.App. 3 Cir. 3/5/03), 839 So.2d 1148; *State v. Anderson*, 29,282 (La.App. 2 Cir. 6/18/97), 697 So.2d 651. However, courts have concluded in some cases that the interest of justice and judicial economy would be better served by remanding the case for an evidentiary hearing to resolve the issue promptly. *See State v. Lee*, 00-183 (La.App. 1 Cir. 2/16/01), 788 So.2d 452, *writ denied,* 00-1611 (La. 3/30/01), 788 So.2d 442, and *State v. Lemon*, 29,587 (La.App. 2 Cir. 8/20/97), 698 So.2d 1057. Because this is a juvenile case and there are concerns as to whether D.J. received conflict-free representation, we are remanding this case for an evidentiary hearing on this issue.

### *Effective Assistance of Counsel*

In addition to asserting that Ms. Brown's conflict of interest in representing him and the other juveniles rendered her assistance ineffective, he contends that his trial counsel, Ms. Pittman, who it appears was designated to stand in for Ms. Brown on the morning of his adjudication hearing, also failed to provide him effective assistance of counsel. D.J. urges that Ms. Pittman's unpreparedness, which he contends is evidenced by: 1) her failure to object to the adjudication hearing proceeding in Ms. Brown's absence; 2) her failure to object to hearsay testimony

11

being given by Officer Moore; 3) her withdrawal of a request for a suppression hearing; and 4) her failure to call any defense witnesses, rendered her assistance to him ineffective. He further urges that Ms. Pittman's ineffective assistance was prejudicial to him and resulted in him being adjudicated delinquent and receiving an excessive sentence.

The point at which Ms. Pittman was appointed to represent D.J. at his adjudication hearing is crucial. This fact cannot be discerned from the record, and this court's attempts to make this determination have been unsuccessful, i.e., a request was made to the clerk of court to amend the record to include all minutes of the trial court not previously included and any orders appointing counsel or substituting counsel for D.J., but the clerk of court responded that there are no such documents.

D.J. also assigns as error his having to appear unrepresented at the subsequent adjudication hearing for the other juveniles involved in this incident and his being compelled to testify during that hearing because Ms. Brown, his appointed counsel, failed to appear with him when he testified at the subsequent adjudication. All of D.J.'s allegations on this issue pertain to issues which are outside the record. Consequently, this issue cannot be considered on appeal.

As previously discussed, the record does not contain sufficient information for this court to adequately review D.J.'s claim of ineffective assistance of counsel, and this issue would usually be relegated to post-conviction relief. However, we find that in the interest of justice it is best to remand this matter to the trial court for a hearing to allow D.J. the opportunity to develop an adequate record on these issues at this time.

### *Excessive Sentence*

Discussion of D.J.'s claim that his sentence is excessive is pretermitted due to our determination that he committed unauthorized entry of an inhabited dwelling, not aggravated burglary, which determination requires that this matter be remanded for a new disposition hearing.

### *Trial Court's Failure to Perform Its Administrative Duties*

In his fourth assignment of error, D.J. argues that the trial court failed in its administrative duties because it went forward with the December 13, 2007 hearing after having previously continued the case. The substance of this argument is similar to and intertwined with his ineffective assistance of counsel arguments. This issue is to be addressed at the hearing to be held with regard to D.J.'s claims of conflict of interest and ineffective assistance of counsel.

### *Errors Patent*

Although the Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review, this court has found that such a review is mandated by La.Ch.Code art. 104 and La.Code Crim.P. art. 920. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. Review of the record revealed that there are errors patent which must be addressed. Errors patent pertaining to D.J.'s disposition are pretermitted due our remand of this matter for an evidentiary hearing and, if necessary, a new disposition hearing.

D.J. questions the validity of the unverified and unauthorized petition which was filed to vest jurisdiction in the trial court. The delinquency petition was signed and filed by an officer of the Jeanerette Police Department. Louisiana Children's Code Article 842 provides, in pertinent part:

A delinquency proceeding shall be commenced by a petition. The district attorney may file a petition without leave of court. Any person authorized by the court may file a petition if there are reasonable grounds to believe that the child is a delinquent child.

The record does not reflect that the trial court authorized the filing of the petition. However, in *State in the Interest of A.H.*, 95-1094, p. 13 (La.App. 3 Cir. 1/31/96), 670 So.2d 361, 368, this court noted that the petition for delinquency was filed by an officer of the Leesville Police Department, and explained that "while La.Ch.Code art. 842 provides that a criminal prosecution may be initiated by an individual other than the district attorney, it appears the delinquency adjudication itself requires the participation of the district attorney." Additionally, in a footnote in *State in the Interest of Simmons*, 299 So.2d 906, 909, n. 1 (La.App. 3 Cir. 1974) (emphasis added), this court discussed the provision that La.Ch.Code art. 842 replaced, stating, in pertinent part:

> If law enforcement authorities have evidence which indicates that a youth has engaged in criminal activity, *the probation officer may properly report the accusation to the judge who can authorize the filing of a petition* without being informed in detail of the evidence; and [sic] even better procedure is for the matter to be handled through the district attorney or other prosecuting official, as also provided by LSA-R.S. 13:1574, without the judge having to consider the question of whether a petition should be filed.

Furthermore, in an analogous case, *State v. Allen*, 05-1622 (La.App. 1 Cir. 3/29/06), 934 So.2d 146, on error patent review, it was discovered that the bill of information filed against the juvenile was not signed by the district attorney or by one of his assistants on his behalf. The first circuit held that although La.Code Crim.P. art. 384 required that an information be a written accusation of crime made by the district attorney and signed by him, the district attorney fully ratified the filing of formal charges by presenting the case at trial. The court explained, "any protection

14

afforded to the accused and to society by the requirement that the district attorney's signature appear on the bill of information was fully accorded." *Id*. at 158. The first circuit has also found that a juvenile waived the error by failing to file a motion to quash. *State v. White*, 404 So.2d 1202 (La.1981).

We find that the assistant district attorney's prosecution of D.J. ratified the petition filed by Officer Moore. D.J. did not file a motion to quash or object to the petition on this basis. Accordingly, we find no error with the filing and signing of the petition by Officer Moore.

As noted by D.J., there is an error patent resulting from the trial court failing to inform him of the two-year prescriptive period for filing for post-conviction relief as required by La.Code Crim.P. art. 930.8. Although the Children's Code contains no similar provision, this court has previously held that this notice should be given. *State in the Interest of J.C.G.*, 706 So.2d 1081 and *State ex rel. J. F.,* 03-321 (La.App. 3 Cir. 8/6/03), 851 So.2d 1282. Accordingly, the trial court is ordered to inform D.J. of the provisions of Article 930.8 at the new disposition hearing.

### *Disposition*

For the above reasons, D.J.'s adjudication as a delinquent based on his commission of aggravated burglary is reversed and set aside. Nevertheless, his adjudication as a delinquent based on his commission of unauthorized entry of an inhabited dwelling is conditionally affirmed on the evidence in the record on appeal. The case is remanded to the trial court for an evidentiary hearing to determine whether D.J. and any of the other juveniles involved in the incident at the Idens' residence were represented by the same attorney prior to the adjudication hearing, and if so, whether that attorney labored under an actual conflict of interest which actually

15

prejudiced D.J. The trial court is also to determine whether either of the attorneys who represented D.J. in the proceedings before that court rendered him ineffective assistance of counsel.

If the trial court finds that D.J. and any of the other juveniles were represented by the same attorney, that an actual conflict of interest existed, and that the conflict actually prejudiced D.J. or that D.J. was rendered ineffective assistance of counsel, it must set aside his adjudication and hold a new adjudication hearing with D.J. being represented by conflict-free counsel.

D.J. may appeal from any adverse ruling on the issues of conflict of interest and effective representation, and in the absence of such appeal, this court affirms his adjudication, and the trial court is ordered to hold another disposition hearing at which time the trial court is to inform D.J. of the provisions of La.Code Crim.P. art. 930.8.

Lastly, D.J.'s request for amendment of the court minutes of the December 20, 2007 and January 24, 2008 hearings is denied.

**REMANDED WITH INSTRUCTIONS**.