NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-700

STATE OF LOUISIANA

VERSUS

CHARLES J. DOYLE A/K/A JOEY DOYLE

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 21545-08
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

AFFIRMED.

John Foster DeRosier
District Attorney - 14th Judicial District Court
Carla Sue Sigler
Assistant District Attorney - 14th Judicial District Court
P. O. Box 3206
Lake Charles, LA 70602-3206
Telephone:  (337) 437-3400
COUNSEL FOR:
        Plaintiff/Appellee - State of Louisiana

Edward John Marquet
Louisiana Appellate Project
P. O. Box 53733
Lafayette, LA 70505-3733
Telephone:  (337) 237-6841
COUNSEL FOR:
        Defendant/Appellant - Charles J. Doyle

**Charles J. Doyle**
**Allen Correctional Center**
**3751 Lauderdale Woodyard Road**
**Kinder, LA 70648**

**THIBODEAUX, Chief Judge.**

Defendant, Charles Doyle, pleaded guilty to simple burglary, theft over $500, and aggravated flight from an officer. The offenses were unconnected and occurred on different dates and at different locations. The cases were not consolidated at the trial court, but were consolidated for purposes of briefing on appeal. Following the plea agreement, the State recommended an eight-year sentence for all three offenses. The trial court disagreed and imposed a sentence of six years for theft over $500, six years for simple burglary, and two years for aggravated flight from an officer, to be served consecutively. Defendant argues that the fourteen-year sentence is excessive. We affirm the judgment of the trial court.

I.

**ISSUE**

We must decide:

(1) whether the trial court erred by imposing an excessive sentence on Defendant; and

(2) whether the trial court erred by imposing consecutive sentences on Defendant.

II.

**FACTS AND PROCEDURAL HISTORY**

Defendant and two co-defendants stole a John Deere riding lawn mower worth more than $500 and subsequently traded the mower for crack cocaine. Defendant was charged with theft over $500, in violation of La.R.S. 14:67 and later pleaded guilty to that charge, along with two unrelated charges of

simple burglary and aggravated flight from a police officer.[1]  In exchange for guilty pleas for all of the offenses, the State dismissed several companion charges. A joint sentence recommendation of a total term of eight years at hard labor accompanied the plea agreement.  Although the cases were not consolidated, Defendant was sentenced on all counts in a single hearing after entering his guilty pleas.  For theft over $500, which is before this court on review in the instant matter, Defendant was sentenced to six years at hard labor, with credit for time served.  He was also sentenced to six years at hard labor for simple burglary and two years at hard labor for aggravated flight from an officer.  The sentences were ordered to run consecutively for a total term of fourteen years.  Defendant asserts that the fourteen-year sentence is excessive.  Since the cases were not consolidated, this court will review only the six-year sentence for theft over $500 and the decision to order consecutive sentences.

III.

**LAW AND DISCUSSION**

**Standard of Review**

The trial court may impose, at its discretion, any appropriate sentence within the statutory guidelines.  That sentence is subject to review, however, for violations of a defendant's constitutional right against excessive punishment.  *State v. Sepulvado*, 367 So.2d 762 (La.1979).  A sentence is excessive if "it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless imposition of pain and suffering."  *State v. Bonanno*, 384 So.2d 355, 357 (La.1980).  The pertinent standard is whether the trial court abused its broad discretionary powers, not whether a different sentence might have been

---

[1]Defendant's convictions for simple burglary and aggravated flight from a police officer are also before this court in appellate docket numbers 12-701 and 12-702, respectively.

2

more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043 (1996).

**Discussion**

*Excessive Sentence*

Defendant argues that his sentence is excessive because of mitigating factors and because the State recommended a lighter sentence. We disagree. To decide whether a sentence is excessive, a court of appeal may consider: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. *State v. Guilbeau*, 11-07 (La.App. 3 Cir. 6/22/11), 71 So.3d 1010 (citing *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-0433 (La. 6/25/99), 745 So.2d 1183). Louisiana Code of Criminal Procedure Article 894.1 outlines the factors a trial court should consider when sentencing a defendant. Some of those factors include: whether there is an undue risk that the defendant will commit another crime; whether the defendant is in need of correctional treatment or a custodial environment; whether defendant's actions put more than one person at risk of death or great bodily harm; or, whether a lesser sentence will deprecate the seriousness of the defendant's crime. "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983).

When Defendant committed this offense, the penalty for theft over $500 was imprisonment for not more than ten years, with or without hard labor, or a fine of not more than $3,000, or both. La.R.S. 14:67(B)(1).[2] Defendant's six-

---

[2]Effective August 15, 2010, La.R.S. 14:67 was amended to change the gradation scale governing its applicable penalties. The instant offense occurred on or about August 14, 2008.

year hard labor sentence was just over half of the maximum possible sentence. Defendant was also spared a large fine and his sentencing exposure was significantly reduced when the State dismissed a number of felony and misdemeanor charges as part of the plea agreement.

Before accepting Defendant's guilty pleas, the trial court asked Defendant if he understood that the sentencing recommendation was "just a suggestion" and that it was not bound by the recommendation. Defendant responded affirmatively. The trial court also confirmed that Defendant understood the difference between consecutive and concurrent sentences, and that he could be sentenced to a total of twenty-four years at hard labor and be fined up to $7,000. Defendant indicated that he accepted the possibility of this outcome.

During sentencing, the trial court discussed the aggravating and mitigating factors as required by Article 894.1. Specifically, the court concluded that Defendant's three prior felonies illustrated the likelihood that he would re-offend if offered a suspended or probated sentence. Similarly, the court noted that although some of Defendant's prior felonies were committed while he was suffering from a substance abuse problem, he continued to offend even after he supposedly recovered. Defendant's prior attempt at recovery precluded the court from considering a treatment program as a viable alternative to prison time. Likewise, the trial court determined that Defendant put more than one person at risk of great bodily harm when he led police officers in a high speed chase to evade capture.

Defendant argues that certain mitigating factors necessitate a lesser sentence. Specifically, Defendant stresses that he was not a career criminal, that he returned the stolen lawn mower to the victim and it was not destroyed or rendered useless, and that the trial court acknowledged that it lacked information regarding

---

Accordingly, this court uses the version of La.R.S. 14:67 in effect when the offense occurred. *See State v. Narcisse*, 426 So.2d 118 (La.1983), *cert. denied*, 464 U.S. 865, 104 S.Ct. 202 (1983).

the offenses because no presentence investigation was performed. The trial court found these arguments meritless, and we agree.

To support his argument, Defendant cites *State v. Brantley*, 28,542 (La.App. 2 Cir. 8/21/96), 679 So.2d 472, wherein the twenty-five year old defendant, an administrative employee with the City of Minden, misappropriated about $73,669.39 from the city. She pleaded guilty to one count of theft over $500. The first felony offender and mother of two young children was sentenced to five years at hard labor, four years suspended, and ordered to pay restitution and a $3,000 fine. Her sentence was affirmed on appeal. That case differs from the instant case because Defendant is not a first felony offender, nor does the record reflect that he supports two young children.[3]

Defendant's three prior felonies show his propensity to commit crimes, even if that propensity is not a career objective. This propensity is an aggravating factor. Further, the trial court apparently decided that his criminal history outweighed the fact that Defendant may have returned the lawn mower to its owner. Finally, the trial court was not required to order a presentence investigation and it was within the court's discretion to decline to do so. La.Code Crim.P. art. 875(A). The trial court's judgment is not an abuse of discretion.

*Consecutive Sentences*

Although Defendant does not specifically argue that his sentences should have been concurrent, his excessiveness claim concerns the aggregate fourteen-year sentence. Therefore, we will address this issue. We agree with the trial court's decision to order consecutive sentences. Louisiana Code of Criminal Procedure Article 883 addresses the imposition of concurrent versus consecutive sentences. That article states that if a defendant is convicted of two or more crimes

---

[3]The other cases Defendant cites are factually inapposite to Defendant's situation and are, therefore, inapplicable.

5

based on "the same act or transaction" or "constituting parts of a common scheme or plan," then the sentences shall be served concurrently unless the judge unambiguously states that they are to run consecutively. Other sentences "shall be served consecutively unless the court expressly directs that some or all of them be served concurrently." La.Code Crim.P. art. 883.

Here, the three offenses for which Defendant received consecutive sentences were not based on the same act or transaction and did not constitute parts of a common scheme or plan. The offenses occurred on different dates, at different locations, and were unconnected. We find the imposition of consecutive sentences for these offenses is consistent with Article 883.

Defendant received just over half of the maximum possible sentence, he was spared a substantial fine, he received significant benefit from his plea agreement, and consecutive sentences were appropriate in his case; therefore, Defendant has not shown that his sentence is excessive. Although the State recommended a lesser sentence, the trial court was not required to accept the State's recommendation. *State v. Rios*, 95-961 (La.App. 3 Cir. 3/6/96), 670 So.2d 708. Additionally, the trial court thoroughly stated for the record the mitigating and aggravating factors considered in determining Defendant's sentence. In light of these factors, combined with a lack of support from the jurisprudence cited by the Defendant, we find the trial court did not abuse its sentencing discretion.

IV.

**ERRORS PATENT**

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, this court finds there is one error patent. Specifically, the bill of information was not signed by the district attorney.

6

Louisiana Code of Criminal Procedure Article 384 provides, "[a]n information is a written accusation of crime made by the district attorney or the city prosecutor and signed by him." The First Circuit Court of Appeal has held, however, that the prosecution ratifies the filing of formal charges by presenting a case for trial. *State v. Allen*, 05-1622 (La.App. 1 Cir. 3/29/06), 934 So.2d 146. By ratifying the filing of formal charges, the prosecution ensures the protection afforded to the accused by the requirement of the district attorney signing the bill of information. *Id.* Further, "although the failure of the district attorney to sign the bill of information is a ground for quashing the information," if the defendant fails to file a motion to quash, he waives his right to complain about the district attorney's failure to sign the information. *Id.* at 158. This court agrees with the first circuit.[4]

Defendant did not file a motion to quash in the present case; therefore, Defendant waived this defect.

V.

**DISPOSITION**

For the reasons above, we affirm Defendant's six-year sentence for theft over $500, to run consecutively to Defendant's sentences for simple burglary and aggravated flight from a police officer.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.

---

[4]This court reached the same conclusion in *State in the Interest of D.J.*, 08-345 (La.App. 3 Cir. 8/28/08), 995 So.2d 1.